Filed 12/13/17

CERTIFIED FOR PUBLICATION

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS RAYMILLIER TENNARD,<br>JR.,<br><br>    Defendant and Appellant. | E065086<br><br>(Super.Ct.No. SWF1500345)<br><br>O P I N I O N |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed with directions.

Kristin A. Erickson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Arlene A. Sevidal and Alan L. Amann, Deputy Attorneys General, for Plaintiff and Respondent.

## I.  INTRODUCTION

A jury convicted defendant and appellant, Thomas Raymillier Tennard, Jr., of a nonstrike felony:  inflicting corporal injury resulting in a traumatic condition upon his cohabitant girlfriend, M.L.  (Pen. Code, § 273.5, subd. (a).)[1]  The court found defendant had four prison priors (§ 667.5, subd. (b)) and two prior strikes (§ 667, subds. (b)-(i)), including a 1991 conviction for forcible rape, a "super strike" (§§ 261, subd. (a)(2), 667, subd. (e)(2)(c)(iv)(I)).

Pursuant to the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)), defendant was sentenced to 25 years to life in prison for his domestic violence conviction, even though it was neither a serious nor a violent felony.  (§ 667, subd. (e)(2)(A).)  Because his prior forcible rape conviction was a "super strike," defendant was disqualified from being sentenced to a lesser term of "twice the term otherwise provided" for a domestic violence conviction.  (§ 667, subd. (e)(1), (e)(2)(C)(iv)(I).)  Defendant was sentenced to a consecutive one-year term for one of his four prison priors.[2]  (§ 667.5, subd. (b).)

In this appeal, defendant claims the court had no authority to impose the 25-year-to-life term.  He argues the prosecution erroneously failed to specifically "plead and prove" that his prior forcible rape conviction was a super strike which disqualified him or

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

[2]  The court imposed consecutive one-year terms for all four prison priors (§ 667.5, subd. (b)), but stayed its imposition of sentence on three of the four, one-year terms (§ 654).

rendered him ineligible to be sentenced as a second strike offender to twice the term otherwise provided for his current felony conviction pursuant to section 667, subdivision (e)(1). (§ 667, subd. (e)(2)(C).) For a felony domestic violence conviction which is not a strike, the "term otherwise provided as punishment" (§ 667, subd. (e)(1)) is two, three, or four years (§ 273.5, subd. (a)). Thus, defendant argues, the court was only authorized to sentence him to a maximum of eight years (four years, doubled) on his current conviction. (§§ 667, subd. (e)(1), 273.5, subd. (a).) In addition to his statutory claim, defendant claims he was deprived of his due process right to notice that the prosecution would seek an indeterminate term on his current conviction.

We remand the matter with directions to correct the abstract of judgment to reflect that defendant's presentence custody credits were awarded pursuant to section 4019, not section 2933.1. In all other respects, we affirm the judgment.

## II. FACTS AND PROCEDURAL BACKGROUND

A. *Factual Background*

On January 16, 2015, defendant was living in an apartment with his girlfriend, M.L. That evening defendant punched M.L. in her face with closed fists and slammed her head backward against a wall. He dragged M.L. into the bathroom and forced her to take a shower to wash the blood out of her hair.[3]

---

[3] M.L. died before trial. The prosecution's case was based on M.L.'s statements during the 911 call, her statements to deputies who responded to the apartment, and the observations of the deputies and medical personnel.

M.L. called 911 after defendant left the bathroom. During the 911 call, M.L. begged for help, said she was "bleeding all over the place" and defendant was forcing her to shower because he did not want anyone "to see blood." In the background of the 911 call defendant was heard yelling to M.L. to "take a shower" and "[g]et in the shower." When responding deputies arrived at the apartment, defendant was standing outside. He said, "you're probably looking for me," and that he had just argued with M.L. The sweatshirt he was wearing was wet in the front.

Inside the apartment, M.L. was found "shaking and trembling" and described how defendant had just beaten her and slammed her head against a wall. M.L. had a bleeding gash on the back of her head, bruising and swelling around her eyes and face, abrasions and swelling on her lips, and a fractured and bloody nose. Her left eye socket was also fractured, her pants were covered with fresh blood, and there was blood on the floor. Defendant was arrested, and M.L. was transported to a hospital.

B. *Procedural History*

Defendant was charged in an information with felony domestic violence (§ 273.5, subd. (a).) The information alleged defendant had four prison priors (§ 667.5, subd. (b)) based on four prior convictions: a 1985 robbery conviction (§ 211), a 1991 forcible rape conviction (§ 261, subd. (a)(2)), a 1997 conviction for failing to register as a sex offender (§ 290, subd. (g)(2)), and a 2003 theft conviction (§ 666). The information included a single "special allegation" that the robbery and forcible rape convictions were "serious and violent" felonies. Under the "special allegation" heading, the information referenced

4

"sections 667, subdivisions (c) and (e)(2)(A), and 1170.12, subdivision (c), subsection (2)(a)" but did not reference section 667, subdivision (e)(1)(C). The information also did not specifically allege that defendant's prior forcible rape conviction disqualified him or rendered him ineligible for sentencing under section 667, subdivision (e)(1), or that the prosecution intended to seek an indeterminate 25-year-to-life term for defendant's current, nonstrike offense.

After the jury convicted defendant of the felony domestic violence charge, the court found the four prison prior and two strike prior allegations true. At sentencing, the court denied defendant's *Romero*[4] motion to strike one or both of the strike priors. In arguing the motion, defense counsel acknowledged that defendant's forcible rape conviction required the court to sentence him to 25 years to life. Defense counsel told the court: "So what [defendant] is hoping for is to strike one or more of his prior strikes. In particular, the [forcible] rape prior, because [it] . . . could *obviously* lead to a life sentence. . . ." (Italics added.)

### III.  DISCUSSION

A. *Statutory Background*

Under the former "Three Strikes" law, as enacted in 1994 (§ 667, subds. (b)-(i)), a defendant convicted of *any felony* who had two or more prior serious or violent felony convictions, or prior strikes, was required to be sentenced to a "third strike sentence" of a minimum of 25 years to life—even if the defendant's current felony was neither serious

---

[4]  *People v. Superior Court* (*Romero*) 1996 13 Cal.4th 497.

nor violent.  (Former §§ 667, subds. (d), (e)(2(A), 1170.12, subds. (b), (c)(2)(A); *People v. Johnson* (2015) 61 Cal.4th 674, 680-681 & fn. 1 (*Johnson*); see also *People v. Conley* (2016) 63 Cal.4th 646, 651.)  The Three Strikes Reform Act of 2012 amended the Three Strikes law to reduce the punishment prescribed for defendants convicted of a current felony that is neither serious nor violent.  (*Johnson*, *supra*, at p. 681.)  The *Johnson* court explained:  "In that circumstance*, unless an exception applies*, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply when a defendant has one prior conviction for a serious or violent felony [i.e., pursuant to section 667, subdivision (e)(1)].  (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C) . . . .)"  (*Ibid.*, italics added.)

Thus, when a defendant has *two prior strikes* and his current felony is not a strike, the defendant is to be sentenced pursuant to section 667, subdivision (e)(1)—that is, as if the defendant had only *one prior strike*—to twice the term otherwise provided for the current felony, unless one of the exceptions or disqualifying factors described in subdivision (e)(2)(C) applies.  (*Johnson*, *supra*, 61 Cal.4th at p. 681.)  Violent felonies are listed in section 667.5, subdivision (c) and serious felonies are listed in sections 1192.7, subdivision (c), and 1192.8.  (§ 667, subd. (d); *Johnson*, *supra*, at p. 681.)  Defendant's two prior strikes—for forcible rape (§ 261, subd. (a)(2)) and robbery (§ 211)—are both violent felonies (§ 667.5, subd. (c)(3), (9)).  Defendant's current

6

conviction (§ 273.5, subd. (a)) is neither a serious nor a violent felony (see § 667, subd. (d)), and is therefore not a strike.[5]

As noted, for nonstrike felony domestic violence, the "term otherwise provided as punishment," within the meaning of section 667, subdivision (e)(1), is two, three, or four years. (§ 273.5, subd. (a).) Thus, *if* no exception or disqualifying factor applies, defendant was required to be sentenced to a maximum of eight years (twice the upper term of four years) on his domestic violence conviction. (§§ 667, subd. (e)(1), (e)(2)(C), 273.5, subd. (a).) But if an exception applies, the court was required to sentence defendant, as it did, to "an indeterminate term of life imprisonment . . . ." (§ 667, subd. (e)(2)(A).) The minimum term of defendant's indeterminate term was 25 years.

Section 667, subdivision (e)(2)(A) provides: "*Except as provided in subparagraph (C)*, if a defendant has two or more prior serious and/or violent felony convictions as defined in subdivision (d) that have been pled and proved, the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence calculated as the greatest of: [¶] (i) Three times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior serious and/or violent felony convictions. [¶] (ii)

---

[5] Felony domestic violence (§ 273.5, subd. (a)) is a violent felony if it was charged and proved, under specified statutes, that the defendant personally inflicted great bodily injury on a person other than an accomplice or personally used a firearm in the commission of the offense (§ 667.5, subd. (c)(8)). Felony domestic violence is a serious felony if the defendant personally used a dangerous or deadly weapon in the commission of the offense. (§ 1192.7, subd. (c)(23).) None of these circumstances were alleged or proved in this case.

7

Imprisonment in the state prison for 25 years.  [¶]  (iii)  The term determined by the court pursuant to Section 1170 for the underlying conviction, including any enhancement. . . ." (Italics added; see also § 667, subd. (e)(2)(B) [consecutive sentencing].)  The greatest of these three minimum terms is 25 years.  (§ 667, subd. (e)(2)(A)(ii).)

Section 667, subdivision (e)(2)(C) provides:  "If a defendant has two or more prior serious and/or violent felony convictions . . . that have been pled and proved, and the current offense is not a serious or violent felony as defined in subdivision (d), the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) unless the prosecution pleads and proves any of the following[.]"  Subdivision (e)(2)(C) then lists, in subparagraphs (i) through (iv), the exceptions or disqualifying factors which render a defendant ineligible to be sentenced as a second strike offender pursuant to subdivision (e)(1).  Each of these disqualifying factors relate *either* to the defendant's current offense (§ 667, subd. (e)(2)(C)(i)-(iii)) or to the defendant's prior "super strikes," if any (*id.*, subd. (e)(2)(C)(iv); *Johnson*, *supra*, 61 Cal.4th at pp. 681-682 & fns. 2-3.)

*Johnson* summarized the exceptions that relate to the defendant's current offense: "If the current offense involves controlled substances and specified findings are made concerning the quantity of controlled substances involved, or if the current offense is among specified sex offenses, a defendant with two or more strikes must be sentenced to a term of at least 25 years to life.  (§§ 667, subd. (e)(2)(C)(i)-(ii), 1170.12, subd. (c)(2)(C)(i)-(ii).)  A third strike sentence is also required if, '[d]uring the commission of the current offense, the defendant used a firearm, was armed with a firearm or deadly

8

weapon, or intended to cause great bodily injury to another person.' (§§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii).)" (*Johnson*, *supra*, 61 Cal.4th at p. 681 & fn. 2.) Regarding the exceptions that relate to the defendant's prior super strikes, if any, *Johnson* explained: "[A] defendant will be excluded from the new sentencing provisions if he or she suffered a prior conviction *for specified sex offenses*, any homicide offense or attempted homicide offense defined in sections 187 through 191.5, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable in California by life imprisonment or death. (§§ 667, subd. (e)(2)(C)(iv), 1170.12, subd. (c)(2)(C)(iv).)" (*Id.* at pp. 681-682, italics added.)

The disqualifying prior strike convictions listed in Penal Code section 667, subdivision (e)(2)(C)(iv) are sometimes referred to as "'super strikes.'" (*Johnson*, *supra*, 61 Cal.4th at p. 682.) The "specified . . . sex offenses" listed in Penal Code section 667, subdivision (e)(2)(C)(iv) include "'sexually violent offense[s]'" as defined in subdivision (b) of section 6600 of the Welfare and Institutions Code. (Pen. Code, § 667, subd. (e)(2)(C)(iv)(I); *Johnson*, *supra*, at p. 681, fn. 3.) The sexually violent offenses defined in Welfare and Institutions Code section 6600, subdivision (b) include forcible rape (Pen. Code, § 261, subd. (a)(2)), one of defendant's two prior strikes.

B. *Defendant's Pleading Specificity and Due Process Claims Lack Merit*

Defendant claims his 25-year-to-life sentence for his current conviction, which was imposed pursuant to Penal Code section 667, subdivision (e)(2)(A), is an

unauthorized sentence.  He claims the prosecution was required to specifically plead, in the information, that his forcible rape conviction was a super strike, a disqualifying factor and an exception which rendered him ineligible to be sentenced as a second strike offender to twice the term otherwise provided for his current conviction.  (Pen. Code, § 667, subd. (e)(1), (e)(2)(C).)  He argues the information was insufficiently specific because it did not reference Penal Code section 667, subdivision (e)(2)(C) or expressly allege that his prior forcible rape conviction was a sexually violent offense and a disqualifying factor within the meaning of Penal Code section 667, subdivision (e)(2)(C)(iv)(I) and Welfare and Institutions Code section 6600, subdivision (b).

Defendant's argument requires us to interpret the second pleading and proof requirement of section 667, subdivision (e)(2)(C).  "'In construing a statute, our first task is to look to the language of the statute itself.'"  (*People v. Mancebo* (2002) 27 Cal.4th 735, 743.)  If the language is clear and unambiguous, it is to be applied according to its plain terms, and in the context of the entire statute and the statutory scheme of which it is a part.  (*Ibid*.)  "Words used in a statute . . . should be given the meaning they bear in ordinary use."  (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735.)

As noted, section 667, subdivision (e)(2)(C) provides:  "If a defendant has two or more prior serious and/or violent felony convictions . . . *that have been pled and proved*, and the current offense is not a serious or violent felony . . . the defendant shall be sentenced pursuant to paragraph (1) of subdivision (e) *unless the prosecution pleads and proves any of the following*[.]"  (Italics added.)  The statute then lists, in subparagraphs (i)

10

through (iv), the exceptions to second strike sentencing eligibility that are based on the defendant's current offense and prior super strikes, if any. (§ 667, subd. (e)(2)(C)(i)-(iv); *Johnson*, *supra*, 61 Cal.4th at pp. 681-682 & fns. 2-3 [describing exceptions].)

The language of section 667, subdivision (e)(2)(C) is clear and unambiguous and governs our interpretation of the statute. Subdivision (e)(2)(C) has *two* pleading and proof requirements. The first requires the prosecution to plead and prove that the defendant has *two or more* prior strikes. This is plainly necessary because subdivision (e)(2)(C) applies *only* if the defendant has two or more prior strikes *and* the current offense is not a strike. (§ 667, subd. (e)(2)(C).) The second pleading and proof requirement requires the prosecution to plead and prove that "any" of the exceptions to second strike sentencing eligibility listed in subdivision (e)(2)(C)(i) through (iv) apply. The question defendant raises requires us to determine the level of specificity that is required to plead that an exception to second strike sentencing eligibility applies.

The plain language of section 667, subdivision (e)(2)(C) only requires the prosecution to "plead and prove" that "any" of the exceptions to second strike sentencing eligibility set forth in subparagraphs (i) through (iv) apply. Neither subdivision (e)(2)(C) nor any other part of section 667 requires the prosecution to *specifically* "plead and prove" that an exception applies by using any particular language or by referencing the particular subparagraph of the exception or disqualifying factor. As noted, all of the exceptions are based either on the defendant's current conviction (§ 667, subd. (e)(2)(C)(i)-(iii)) or on specified super strike convictions (*id*., subd. (e)(2)(C)(iv)).

11

The "notice" pleading requirements of section 952, which apply to charging an offense, offer guidance in interpreting the second pleading and proof requirement of section 667, subdivision (e)(2)(C). Section 952 states it is "'sufficient if [the charge] contains[,] in substance, a statement that the accused has committed some public offense therein specified,'" which "may be alleged '. . . *in any words sufficient to give the accused notice of the offense of which he [or she] is accused.*'" (*People v. Carrington* (2009) 47 Cal.4th 145, 182, italics added.) Likewise, a defendant's due process right to be informed of the charges is satisfied when the charging document affords the defendant "a reasonable opportunity to prepare and present a defense" and the defendant "is not taken by surprise by the evidence offered at trial." (*People v. Ramirez* (2003) 109 Cal.App.4th 992, 999.) This due process standard does not apply solely to charged crimes; it applies to enhancement allegations that increase the punishment for the charged crimes. (*People v. Houston* (2012) 54 Cal.4th 1186, 1227 ["A defendant has a due process right to fair notice of the allegations that will be invoked to increase the punishment for his or her crimes."]; *In re Varnell* (2003) 30 Cal.4th 1132, 1140.)

Under the "special allegation" heading, the information referenced section "667," subdivisions "(c) and (e)(2)(A)," and their initiative counterparts, section "1170.12, subdivision (c), subsection (2)(a)." It alleged that defendant had two or more "serious and violent" felony convictions, "within the meaning of Penal Code sections 667, subdivisions (c) and (e)(2)(A), and 1170.12, subdivision (c), subsection (2)(a)." It also listed the dates, places, and code section numbers of defendant's prior robbery and prior

12

forcible rape convictions and identified the forcible rape conviction as "RAPE BY FORCE."

These allegations were sufficient to satisfy both of the pleading and proof requirements of section 667, subdivision (e)(2)(C) and defendant's due process right to notice that the prosecution would seek an indeterminate term on his current nonstrike felony conviction, pursuant to subdivision (e)(2)(A). As noted, subdivision (e)(2)(A) requires the court to impose an indeterminate term on a current, nonstrike felony, when the defendant has two or more prior strikes. By its terms, subdivision (e)(2)(A) applies "[e]xcept as provided in subparagraph (C)," and subparagraph (C) requires the defendant to be sentenced as a second strike offender pursuant to subdivision (e)(1) (that is, as if the defendant had only one prior strike) unless an exception applies.

The allegation of the forcible rape conviction, which was identified by its code section number, Penal Code section 261, subdivision (a)(2), and as "RAPE BY FORCE," sufficiently notified defendant that the prosecution would seek to disqualify him from second strike sentencing eligibility, pursuant to Penal Code section 667, subdivision (e)(1), based on the forcible rape conviction. Although Penal Code section 667, subdivision (e)(2)(C) was not referenced in the information, it was not required to be. It was effectively noted by the reference to Penal Code section 667, subdivision "(e)(2)(A)," which specifically references, in its introductory clause, section 667, subdivision (e)(2)(C) as an exception to its provisions. The information also specifically alleged that defendant has a prior conviction for "rape by force," which is a super strike

13

described in Welfare and Institutions Code section 6600, subdivision (b), a disqualifying factor identified in Penal Code section 667, subdivision (e)(2)(C)(iv)(I).

Defendant unavailingly relies on several cases in which the defendants' enhanced sentences were either disapproved or reversed on the grounds the factual or statutory bases of the enhancements were either *not alleged at all* (*People v. Mancebo, supra,* 27 Cal.4th 735 at pp. 738-739, 742-745 [disapproving uncontested multiple victim circumstance enhancements which were not alleged in the information as a basis for imposing enhanced sentences under "One Strike" law]) or were *insufficiently alleged* (*People v. Wilford* (2017) 12 Cal.App.4th 827, 835-836, 840-841 [reversing § 273.5, subd. (f)(1) enhancements where information included § 273.5, subd. (h)(1) allegation but not § 273.5, subd. (f)(1) allegation]; *People v. Sawyers* (2017) 15 Cal.App.4th 713, 725-726 [reversing Three Strikes law sentence where information did not allege prior conviction was a strike but instead alleged the conviction was a basis for imposing one-year prison prior under § 667.5, subd. (b)].)  These cases are distinguishable.  As explained, the information sufficiently alleged defendant's prior forcible rape conviction as the basis upon which the People would seek a 25-year-to-life sentence under section 667, subdivision (e)(2)(A), and it was unnecessary for the information to reference subdivision (e)(2)(C) in addition to (e)(2)(A).

C.  *Correction of Abstract of Judgment*

Lastly, defendant claims and we agree that the abstract of judgment must be corrected to show defendant was awarded 680 total days of presentence custody credits

14

(340 actual days, plus 340 days for good conduct), pursuant to section 4019 rather than section 2933.1 as the abstract indicates. The reporter's transcript shows that the credits were awarded pursuant to section 4019, not section 2933.1, which applies only to violent current felonies. (*People v. Mitchell* (2001) 26 Cal.4th 181, 186-188 [appellate court may correct errors in trial court records].)

## IV. DISPOSITION

The matter is remanded to the trial court with directions to prepare an amended or corrected abstract of judgment showing that defendant's 680 days of presentence custody credits (340 days actual, 340 days good conduct) were awarded pursuant to section 4019, not section 2933.1. The court is further directed to forward a copy of the corrected abstract to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

CERTIFIED FOR PUBLICATION

FIELDS  
                     J.

We concur:

RAMIREZ  
         P. J.

SLOUGH  
         J.