Filed 3/7/22  P. v. Rios CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ABEL JOSE RIOS,<br><br>    Defendant and Appellant. | F080424<br><br>(Super. Ct. No. BF172063A)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  Stephen D. Schuett, Judge.

Candace Hale, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and Henry J. Valle, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

**INTRODUCTION**

Defendant Abel Jose Rios stands convicted by jury of five counts of sex offenses against two children under the age of 10 years. Relevant to this appeal, defendant was charged under Penal Code section 288, subdivision (a)[1] on counts 3 and 5 for lewd or lascivious acts against a child under the age of 14 years. These counts also contained special allegations that the underlying crime was a qualifying offense under section 667.61, subdivision (c) of the "One Strike" law (§ 667.61 et seq.), and alleged defendant had committed the qualifying offenses against more than one victim within the meaning of section 667.61, subdivision (e)(4).[2]

The jury convicted defendant on counts 3 and 5, and found true the additional One Strike allegations. At sentencing, the trial court imposed terms of 25 years to life on both counts pursuant to section 667.61(j)(2), a punishment provision under the One Strike law. Section 667.61(j)(2) applies when the qualifying offense under section 667.61(c) is committed against more than one victim within the meaning of section 667.61(e)(4), and the victim is under the age of 14 years.

Defendant argues he did not have sufficient notice the harsher indeterminate term under section 667.61(j)(2) would apply to him on counts 3 and 5 because that specific subdivision was not expressly pleaded among the One Strike allegations. Defendant maintains the imposition of indeterminate terms under section 667.61(j)(2) violates his

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

[2]     Section 288, subdivision (a), section 667.61, subdivision (a), section 667.61, subdivision (b), section 667.61, subdivision (c), section 667.61, subdivision (d), section 667.61, subdivision (e) and (e)(4), section 667.61, subdivision (j), section 667.61, subdivision (j)(1) and (j)(2), section 1170.1, subdivision (e) and section 12022.5, subdivision (a), are referred to in this opinion as section 288(a) or § 288(a), section 667.61(a) or § 667.61(a), section 667.61(b) or § 667.61(b), section 667.61(c) or § 667.61(c), section 667.61(d) or § 667.61(d), section 667.61(e) or § 667.61(e), section 667.61(e)(4) or § 667.61(e)(4), section 667.61(j) or § 667.61(j), section 667.61(j)(1) or § 667.61(j)(1), section 667.61(j)(2) or § 667.61(j)(2), section 1170.1(e) or § 1170.1(e) and section 12022.5(a) or § 12022.5(a).

federal constitutional due process right to fair notice and violates section 1170.1(e). For the reasons discussed below, we are unpersuaded by these arguments and affirm the judgment.

## DISCUSSION

### I. Background[3]

In April 2018, defendant was charged with two counts of oral copulation or sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b); count 2, Jane Doe; count 4, John Doe); one count of sexual intercourse or sodomy of a child who is 10 years of age or younger (§ 288.7, subd. (a); count 1, Jane Doe); and two counts of lewd or lascivious acts against a child who is under the age of 14 years (§ 288(a); count 3, Jane Doe; count 5, John Doe).

As to counts 3 and 5 for lewd or lascivious acts under section 288(a), the information included special allegations under the One Strike law. Counts 3 and 5 included the following allegation: "It is further alleged that in the commission of the crime, Abel Jose Rios, the defendant has been convicted in the present case or cases of committing an offense specified in section 667.61(c) of the Penal Code against more than one victim, within the meaning of Penal Code section 667.61(e)(4)." (Full capitalization omitted.)

At trial in 2019, the evidence showed that between January 2016 and April 2018,[4] defendant committed sexual offenses against Jane Doe (who was eight years old when she testified at trial in 2019), and John Doe (who was six years old when he testified in 2019). The acts against Jane Doe included defendant sexually penetrating her with his penis, and inducing her into oral copulation. The acts against John Doe included

---

[3] We forego a detailed summary of the trial evidence as it is not relevant to the issues raised on appeal.

[4] The information was amended to allege the offenses occurred from January 1, 2016, to April 26, 2018.

defendant inducing him into acts of oral copulation. The jury convicted defendant on all five counts, and found true the additional One Strike multiple-victim allegations under counts 3 and 5.

The trial court imposed terms of 25 years to life on counts 3 and 5 pursuant to section 667.61(j)(2), which provides, "[a] person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e), upon a victim who is a child under 14 years of age, shall be punished by imprisonment in the state prison for 25 years to life."

On appeal, defendant argues the information did not expressly plead the applicability of section 667.61(j)(2) in its special allegations under the One Strike law. As such, defendant argues he did not have adequate notice required under either state or federal law of the 25-year-to-life terms the court imposed under section 667.61(j)(2) on counts 3 and 5.

The People argue this claim has been forfeited for failure to object below, but even considered on the merits, they maintain notice of the punishment provision under section 667.61(j)(2) was sufficient under federal and state law and any error was harmless.

## II.     The One Strike Law

The One Strike law sets forth an alternative and harsher sentencing scheme for enumerated sex crimes committed under certain specified circumstances. (*People v. Mancebo* (2002) 27 Cal.4th 735, 741 (*Mancebo*).) When it is triggered by specifically pleaded and proven aggravating circumstances, the One Strike law mandates indeterminate terms for sex crimes committed within its ambit, varying by the minimum term for parole eligibility: 15 years to life; 25 years to life; and life without the possibility of parole (LWOP).

The One Strike law's sentencing structure provides escalating indeterminate terms depending on the type and number of circumstances present, as identified and

enumerated in section 667.61(d) and (e).[5]  For example, when an enumerated sex crime under section 667.61(c) is committed with no pleaded or proven circumstance under section 667.61(d), and only one pleaded and proven circumstance under section 667.61(e), the punishment is 15 years to life.  (§ 667.61(b).)  But, when a sex crime enumerated under section 667.61(c) is committed with one or more pleaded and proven circumstance(s) under section 667.61(d) *or* two or more pleaded and proven circumstances under section 667.61(e), the punishment is 25 years to life.  (§ 667.61(a).)

If the qualifying sex offense under section 667.61(c) is committed against a victim under the age of 14 years, with the combination of pleaded and proven circumstances described in section 667.61(a) or (b), the punishment is harsher still and ranges from LWOP to 25 years to life.  (§ 667.61(j)(1) & (j)(2).)  Similarly, certain enumerated sex offenses with pleaded and proven circumstances under section 667.61(d) and/or (e) that are committed against minors ages 14 years or older invoke harsher sentences ranging from LWOP to 25 years to life.  (§ 667.61, subds. (*l*), (m) & (n).)  In other words, the One Strike law's sentencing structure not only punishes enumerated sex crimes committed under specific circumstances more harshly, those harsher punishments increase *further* depending on the age of the victim.

## III.    Analysis

### A.    Fair Notice of Application of Section 667.61(j)(2)

Defendant argues the charging document did not provide fair notice that counts 3 and 5 would be sentenced under section 667.61(j)(2) because that provision was not expressly pleaded among the One Strike allegations.

To be subjected to any of the harsher penalties under the One Strike law, due process mandates a defendant be provided fair notice.  ""'No principle of procedural due

---

[5]    There are currently seven different circumstances identified under section 667.61(d), and another seven circumstances identified under section 667.61(e).  (§ 667.61(d)(1)–(7) & (e)(1)–(7).)

process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." [Citations.] "A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial."' [Citation.] This goes for sentence enhancements as well as substantive offenses: A defendant has the 'right to fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes.' (*Mancebo, supra*, 27 Cal.4th at p. 747.)" (*People v. Anderson* (2020) 9 Cal.5th 946, 953.)

The One Strike law itself contains statutory pleading requirements—the circumstances applicable under section 667.61(d) and/or (e) must be specifically pled and proven. (§ 667.61, subd. (*o*) ["The penalties provided in this section shall apply only if the existence of any circumstance specified in (d) or (e) is alleged in the accusatory pleading pursuant to this section, and is either admitted by the defendant in open court or found to be true by the trier of fact."]; see *Mancebo, supra*, 27 Cal.4th at p. 751.)

Here, the charging document's One Strike allegations identified counts 3 and 5 (for lewd or lascivious acts against a child under the age of 14 years; § 288(a)) as qualifying under section 667.61(c) and pleaded the multiple-victim circumstance under section 667.61(e)(4), that triggered application of the One Strike law. The information did not, however, expressly plead the punishment provision (§ 667.61(j)(2)) the One Strike law mandates for this combination of qualifying offense and aggravating circumstance; defendant claims this omission resulted in constitutionally deficient notice this punishment provision would apply at sentencing.

There is a split among the Courts of Appeal as to whether One Strike allegations in a charging document must, in addition to identifying the qualifying offense and the aggravating circumstances under section 667.61(d) and (e), expressly cite

section 667.61(j)(2) to give fair notice of its application at sentencing. (Compare *People v. Jimenez* (2019) 35 Cal.App.5th 373 (*Jimenez*) with *In re Vaquera* (2019) 39 Cal.App.5th 233, review granted Nov. 26, 2019, S258376 (*Vaquera*) & *People v. Zaldana* (2019) 43 Cal.App.5th 527, review granted Mar. 18, 2020, S259731 (*Zaldana*).)

Defendant urges us to follow *Jimenez*. There, the defendant was charged with, among other things, 13 sex crimes against more than one victim. (*Jimenez, supra*, 35 Cal.App.5th at pp. 377–378.) In expressly pleading a multiple-victim circumstance for each of these 13 crimes, the charging document referred only to subdivisions (b) and (e) of section 667.61. (*Jimenez, supra*, at p. 394.) The trial court sentenced the defendant to terms of 25 years to life under section 667.61(j)(2) for nine of these crimes, which involved children under the age of 14 years. (*Jimenez, supra*, at p. 378.) On appeal, the defendant claimed the charging document referenced only section 667.61(b), and it did not give him fair notice of the 25-year-to-life term imposed under section 667.61(j)(2) for committing the qualifying offenses upon multiple victims, at least one of whom was under the age of 14 years.[6] Relying on the California Supreme Court's decision in *Mancebo,* the court held the sentences imposed under section 667.61(j)(2) could not be based on a charging document that referred only to section 667.61(b) and (e) in pleading a multiple-victim circumstance. (*Jimenez, supra*, at pp. 396–397.)

Two Courts of Appeal subsequently disagreed with *Jimenez* in published decisions. In *Vaquera*, the defendant argued his due process rights were violated by the trial court's imposition of a 25-year-to-life sentence under section 667.61(j)(2) because that subdivision was not expressly alleged in the information. (*Vaquera, supra*, 39 Cal.App.5th at p. 235, review granted.) Rather, the prosecution had alleged a

---

**6** *Jimenez* pointed out section 667.61(j)(2) does not expressly state whether, in the multiple-victim circumstance situation, all the victims must be under the age of 14 years or only one of the victims must be under the age of 14 years. Here, all offenses alleged were necessarily committed against a child under the age of 14 years and their ages were expressly pleaded; this potential ambiguity is not relevant here. (See *Jimenez, supra*, 35 Cal.App.5th at p. 397, fn 4.)

multiple-victim circumstance under section 667.61, former subdivision (e)(5), in combination with section 667.61(b), just like in *Jimenez*. (*Vaquera, supra*, at p. 236.)

Unpersuaded by *Jimenez*, the court in *Vaquera* concluded the pleading complied with due process principles and supplied the defendant with sufficient notice of the harsher term of 25 years to life under section 667.61(j)(2). (*Vaquera, supra*, 39 Cal.App.5th at pp. 243–244, review granted.) Although the charging document cited section 667.61(b), which provides for a term of 15 years to life, the court reasoned that statutory reference put the defendant on notice he faced the hasher term under section 667.61(j)(2). (*Vaquera, supra*, at p. 235.) By virtue of the facts alleged in the information, the defendant was on notice the counts against him involved children under the age of 14 years. Not only did the charges require the prosecution to prove the victims were under the age of 14 years at the time of the offense, the information specifically pleaded both children were under the age of 14 years at the time of the offenses. (*Vaquera, supra*, 39 Cal.App.5th at pp. 235, 240–241.) Moreover, similar to *People v. Tennard* (2017) 18 Cal.App.5th 476, 487–488, the court observed section 667.61(j)(2) was expressly referenced in section 667.61(b), as an exception. (*Vaquera, supra*, at pp. 241–242.) The court also concluded no prejudice had been shown. (*Id.* at p. 242.) Finally, the court distinguished *Mancebo*. (*Vaquera, supra*, at pp. 242–244.)

Our colleagues in the Second District in *Zaldana* also declined to follow *Jimenez*, finding *Vaquera*'s analysis more persuasive. (*Zaldana, supra*, 43 Cal.App.5th at p. 533, review granted.) Like *Jimenez* and *Vaquera*, the charging document in *Zaldana* alleged that "'within the meaning of … section 667.61(b) and (e)(4) … [t]he defendant … committed an offense specified in Section 667.61(c) against more than one victim.'" (*Zaldana, supra*, at p. 535.) The *Zaldana* court concluded the reference to section 667.61(b), in the pleading did not result in deficient notice of the harsher penalty that would apply under section 667.61(j)(2) because subdivision (j)(2) is expressly referenced in subdivision (b) as an exception to the shorter 15-year-to-life term provided

8.

in subdivision (b). (*Zaldana, supra*, at p. 535.) Because the information alleged that both of the defendant's victims were under the age of 14 years when he molested them, there was no doubt he was on notice he could be subject to section 667.61(j)(2). (*Zaldana, supra*, at p. 535.)

The *Zaldana* court rejected the defendant's argument that by citing section 667.61(b), the prosecutor must have been exercising charging discretion to select the lower 15-year-to-life term provided in section 667.61(b), rather than the longer 25-year-to-life term provided in section 667.61(j)(2). (*Zaldana, supra*, 39 Cal.App.5th at pp. 535–536, review granted.) The court explained that subdivision (b) expressly states that a sentence of 15 years to life is required "'"[e]xcept as provided* in subdivision … (j) …."'" (*Id.* at p. 536, quoting *Vaquera, supra*, 39 Cal.App.5th at p. 245, review granted & § 667.61(b).) "'Because the Legislature used the word "shall," and because the prosecution properly pleaded and proved multiple victim allegations for qualifying sex offenses in which the victims were under 14 years of age, the trial court was *required* to impose a 25-year-to-life sentence under section 667.61, the One Strike law.'" (*Zaldana, supra*, at p. 536, quoting *Vaquera, supra*, at p. 245 & citing § 667.61, subd. (f).)

Having granted review in *Vaquera* and *Zaldana*, our Supreme Court is now poised to address the split among the Courts of Appeal on this issue. While we await our high court's decision, we find persuasive *Vaquera*'s and *Zaldana*'s reasoning that when the multiple-victim circumstance under section 667.61(e)(4) is pleaded, proven, and found true by the trier of fact, the situation is fundamentally different from *Mancebo*, where the multiple-victim circumstance was unpleaded.

In *Mancebo*, the defendant had kidnapped two victims, both at gunpoint, at different times, and committed multiple sex crimes against them. (*Mancebo, supra*, 27 Cal.4th at pp. 739–740.) The information alleged 10 sex crimes involving two victims. (*Id.* at p. 740.) As to all counts, it was alleged the defendant personally used a gun within

9.

the meaning of section 12022.5(a). (*Mancebo, supra*, at p. 740.) As to six of those counts, it was alleged the circumstances of kidnapping and gun use applied within the meaning of section 667.61(a) and former subdivision (e); regarding two other sex offense counts, gun use and tying/binding the victim circumstances were alleged under section 667.61(a) and former subdivision (e)(4) and (e)(6). (*Mancebo, supra*, at p. 740.) The information never expressly alleged a multiple-victim circumstance under section 667.61, former subdivision (e)(5), nor was the information ever amended to include such an allegation. (*Mancebo, supra*, at p. 740.) The defendant was convicted of all counts, and all enhancement allegations were found true. (*Ibid*.) In sentencing the defendant on two of the counts under the One Strike law, the trial court substituted out the pleaded gun-use circumstance under section 667.61(e), and replaced it with the unpleaded multiple-victim circumstance under section 667.61(e), and imposed a 25-year-to-life term under section 667.61(a). (*Mancebo, supra*, at pp. 738–740.) The trial court then used the gun-use circumstance to impose the firearm enhancement under section 12022.5(a). (*Mancebo, supra*, at p. 740.)

On appeal before our high court, "the narrow question presented [was] whether the circumstance of gun use was available to support two section 12022.5(a) enhancements when gun use had already been properly pled and proved as a basis for invoking One Strike sentencing." (*Mancebo, supra*, 27 Cal.4th at p. 738.) In conducting a close examination of the pleading and proof requirements of the One Strike law, the court concluded that imposition of the gun-use enhancement under section 12022.5(a) violated section 667.61's pleading and proof requirements, implicated the defendant's due process rights, and resulted in an unauthorized sentence. (*Mancebo, supra*, at p. 754.) Under the plain language of section 667.61, subdivision (f) and former subdivision (i), the existence of any factual circumstances under section 667.61(d) or (e) were to be alleged in the accusatory pleading. None of the charging documents ever alleged a multiple-victim circumstance under section 667.61, former subdivision (e)(5), so substituting the

unpleaded multiple-victim circumstance for the first time at sentencing violated the statute's pleading requirements. (*Mancebo, supra*, at p. 751.)

*Mancebo* rejected the argument that notice of the multiple-victim circumstance was adequate because the information alleged counts as to multiple victims. (*Mancebo, supra*, 27 Cal.4th at pp. 744–745, 752.) The court "acknowledge[d] that where a defendant is charged with and convicted of qualifying sex crimes against two or more victims, it may be difficult to meaningfully contest the truth of a multiple victim qualifying circumstance, whether or not that circumstance has been properly pled … [b]ut section 667.61 makes no special exception for the multiple victim qualifying circumstance—the statute's pleading and proof requirements apply to *all* of the qualifying circumstances enumerated in [section 667.61] subdivisions (d) and (e)." (*Id.* at p. 752.)

*Jimenez* quoted this language in *Mancebo* and appeared to analogize that if the unpleaded multiple-victim circumstance in *Mancebo* failed to supply notice that that circumstance would be used at sentencing to increase the defendant's punishment, the failure to expressly plead section 667.61(j)(2) likewise does not supply a defendant adequate notice this subdivision will be used at sentencing to impose a harsher punishment. (*Jimenez, supra,* 35 Cal.App.5th at pp. 396–397.) Defendant too quotes this language from *Mancebo* and urges us to follow *Jimenez*'s application of it.

We disagree that *Mancebo* extends this broadly. *Mancebo* considered a narrow question about an unpleaded multiple-victim circumstance that is not the issue here. (*Mancebo, supra*, 27 Cal.4th at p. 738.) That decision does not encompass whether, beyond pleading the qualifying circumstances under section 667.61(d) and (e) that trigger the law's application, the particular corresponding sentencing penalties under the One Strike law also must be expressly pleaded to provide sufficient constitutional notice of their application.

11.

*Mancebo* explained that invoking One Strike sentencing based on unpleaded circumstances violated the express pleading requirement of the statute. (*Mancebo, supra*, 27 Cal.4th at pp. 744–745.) In view of the express pleading requirement, the prosecutor's failure to include the allegation also could be reasonably interpreted as an act of charging discretion by the prosecutor. (See *id.* at pp. 745, 749.) In addition to the defendant's potential reliance on what was expressly pled, it was impossible for the defendant to know or predict the sentencing court would invoke One Strike sentencing based on an unpleaded circumstance. (*Id.* at p. 752.) The court observed that in many instances fair notice of the aggravating circumstances might be critical to the defendant's ability to contest the factual basis and truth of those circumstances at trial or to adequately assess potential sentencing exposure to evaluate a plea. (*Ibid.*) Here, the absence of express reference in the charging document to the applicable One Strike penalty provision does not create any similar problems.

Once a prosecutor pleads particular combinations of aggravating circumstances and qualifying offenses that necessarily involve victims of a certain age, the corresponding One Strike penalty provision is exclusive and mandatory. The One Strike law's punishment provisions are set out in section 667.61, subdivisions (a), (b), (j), (*l*), and (m). Section 667.61(a), states, "[e]xcept as provided in subdivision (j), (*l*), or (m), any person who is convicted of an offense specified in subdivision (c) under one or more of the circumstances specified in subdivision (d) or under two or more of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 25 years to life." Section 667.61(b), states "[e]xcept as provided in subdivisions (a), (j), (*l*), or (m), a person who is convicted of an offense specified in subdivision (c) under one of the circumstances specified in subdivision (e) shall be punished by imprisonment in the state prison for 15 years to life." By the subdivisions' express terms, an offense that meets the criteria of section 667.61(a) may not be sentenced under section 667.61(b), and an offense that meets the criteria of

section 667.61(a) or (b) must be sentenced under one of those provisions "[e]xcept" when (j), (*l*) or (m) apply. (§ 667.61(a) & (b).) There is no discretionary language under section 667.61, subdivisions (j), (*l*), or (m), either. Each of these subdivisions states the punishments therein "shall" apply if the particular qualifying offense is committed against a certain-aged victim under specified aggravating circumstances.

As *Vaquera* and *Zaldana* explained, when, as here, the qualifying offenses under section 667.61(c) *necessarily* require pleading and proving the victim was under the age of 14 years at the time of the offense, the circumstances pled and proven under section 667.61(d) and/or (e) will mandate the harsher sentences under section 667.61(j). (*Vaquera, supra*, 39 Cal.App.5th at p. 245, review granted; *Zaldana, supra*, 43 Cal.App.5th at p. 536, review granted.) The language of the subdivisions does not suggest the prosecutor or the sentencing court has discretion to plead or impose a sentence under a different penalty provision. Unlike the defendant in *Mancebo*, the charging document here expressly pleaded the one circumstance that would be used to sentence defendant under the One Strike law if it were found true—defendant was not left guessing until sentencing. And, because the qualifying offense involved pleading and proving the victim was under the age of 14 years, the pleading gave defendant fair notice of the only sentencing provision under section 667.61 that could apply.

Moreover, the multiple-victim circumstance here was pled differently from *Jimenez*, *Vaquera*, and *Zaldana*. In this case, the special allegation invoking application of the One Strike law does not cite section 667.61(b); instead, the information alleges that in the commission of the underlying crime (§ 288(a); counts 3 & 5), defendant has been convicted in the present case or cases of committing an offense specified in section 667.61(c) against more than one victim within the meaning of section 667.61(e)(4).

As discussed by *Vaquera* and *Zaldana*, even an inaccurate reference to section 667.61(b), constitutes sufficient notice of the applicability of section 667.61(j)(2)

because, as already discussed, section 667.61(b) expressly carves out section 667.61(j) as an exception to its application. That carve-out gave notice that section 667.61(j)(2), rather than section 667.61(b), would apply given that the relevant underlying offenses in *Vaquera* and *Zaldana* necessarily involved children under the age of 14 years at the time of the offense. (*Vaquera, supra*, 39 Cal.App.5th at p. 245, review granted; *Zaldana, supra*, 43 Cal.App.5th at p. 536, review granted.)

We note that *Zaldana* agreed with *Vaquera* that the "key to adequate notice" was the charging document's reference to section 667.61(b), which expressly incorporates the longer sentence under section 667.61(j). (*Zaldana, supra*, 43 Cal.App.5th at p. 535, review granted ["We agree with *Vaquera* that was key to adequate notice— [section 667.61(b)] specifically directed Zaldana to [section 667.61,] subdivision (j)(2) and its longer prison term."].)

The lack of reference to section 667.61(b), in the information here strikes us as even more straightforward than the pleadings in *Vaquera* and *Zaldana*. In both of those cases, the defendants argued reference to section 667.61(b) in the One Strike allegations was essentially an exercise of the prosecutor's charging discretion to select sentencing under section 667.61(b), rather than section 667.61(j)(2). (*Vaquera, supra*, 39 Cal.App.5th at p. 244, review granted; *Zaldana, supra*, 43 Cal.App.5th at pp. 535–536, review granted.) As we note above and as both *Zaldana* and *Vaquera* explained, application of section 667.61(j)(2) is mandatory when the prosecutor properly pleads and proves the multiple-victim circumstance for qualifying sex offenses in which the victims are under the age of 14 years. (§ 667.61(b) & (j)(2); *Zaldana, supra*, at p. 536; *Vaquera, supra*, at p. 245.)[7]

---

[7]    The mandatory applicability of section 667.61(j) is also logical and consistent. The One Strike law's framework of punishing even more harshly those qualifying offenses committed against younger victims maintains the Legislature's imposition of harsher penalties outside the ambit of the One Strike law for sex offenses against younger victims. For example, section 289, subdivision (a), criminalizes forcible acts of sexual penetration and provides harsher

14.

Without any citation to section 667.61(b), in the One Strike allegations for counts 3 and 5 here, there is no basis on which defendant could mistakenly conclude the prosecutor was making such an election. Since conviction on the qualifying offenses under section 667.61(c) were all dependent on proving the expressly pleaded allegation that each victim was under the age of 14 years, only section 667.61(j)(2) could apply if the multiple-victim circumstance was found true.

Even without express citation to section 667.61(j)(2), the law cited and the facts alleged under counts 3 and 5 gave fair notice that defendant necessarily faced the harsher life term under section 667.61(j)(2) on those counts pursuant to the One Strike law if the qualifying offenses and the multiple-victim circumstance under section 667.61(e)(4) were all proven. Counts 3 and 5 necessarily required proving the victim was under the age of 14 years at the time of the offense—a fact expressly pleaded in both counts; the information included special allegations under the One Strike law that each charged crime was a qualifying offense under section 667.61(c) and the multiple-victim circumstance applied under section 667.61(e)(4). The specific statutory pleading requirements were met under section 667.61, subdivision (*o*), and under the express language of the statute, only the punishment provision of section 667.61(j)(2) could apply if defendant was convicted of the qualifying offenses and the aggravating circumstance

---

punishments based on the age of the victim: if the victim is under the age of 14 years, the sentencing triad is "8, 10, or 12 years" (*id.*, subd. (a)(1)(B)), if the victim is a minor over the age of 14 years, the sentencing triad currently is "6, 8 or 10 years" (*id.*, subd. (a)(1)(C)), and if the victim is an adult, the sentencing triad is "three, six, or eight years" (*id.*, subd. (a)(1)(A)). This offense qualifies under and will trigger application of the One Strike law if aggravating circumstances are pleaded and proven. (§ 667.61, subds. (c)(5) & (n)(4).) Without application of the mandatory harsher penalties for younger victims under section 667.61, subdivisions (j), (*l*) and (m), a section 289, subdivision (a), offense would not maintain a harsher punishment structure under the One Strike law based on the age of the victim. In other words, without the punishment provisions under section 667.61, subdivisions (j), (*l*) and (m), those who committed this crime against adults would suffer the same punishment under the One Strike law as those who offended against young children, which would be inconsistent with the punishment structure of section 289, subdivision (a).

alleged was found true. The One Strike allegations gave sufficient and fair notice section 667.61(j)(2) would apply.

**B.      No Violation of Section 1170.1(e)**

Similarly, we reject defendant's argument that the One Strike law allegations were deficient under section 1170.1(e). Section 1170.1(e) provides that "[a]ll enhancements shall be alleged in the accusatory pleading and either admitted by the defendant in open court or found to be true by the trier of fact."

As explained above, the One Strike law is an alternative sentencing scheme. (*People v. Carbajal* (2013) 56 Cal.4th 521, 534.) Its sentencing provisions are not enhancements; thus, as the People note, section 1170.1(e) does not apply here. The One Strike statute contains its own express pleading requirement under section 667.61, subdivision (*o*), with which the charging document complied. The special allegations under counts 3 and 5 pleaded the crimes were qualifying One Strike offenses under section 667.61(c), and pleaded the multiple-victim circumstance under section 667.61(e)(4). (§ 667.61, subd. (*o*).)

Further, even if section 1170.1(e) applied here, the One Strike allegations in counts 3 and 5 invoked application of the One Strike law, alleged the underlying offenses were qualifying under section 667.61(c), and that the multiple-victim circumstance under section 667.61(e)(4) applied. Both counts also expressly alleged the victims were under the ages of 14 years, and this fact was necessarily proven and found true by the jury as an essential element of the underlying offenses. (§ 288(a).) The pleading was not deficient merely because it did not cite the precise code section under the One Strike law that supplied the applicable punishment. (See § 960 ["No accusatory pleading is insufficient, nor can the trial, judgment, or other proceeding thereon be affected by reason of any defect or imperfection in matter of form which does not prejudice a substantial right of the defendant upon the merits."].)

16.

### C.    No Prejudice

Finally, even assuming the failure to expressly plead section 667.61(j)(2) constituted deficient notice that section 667.61(j)(2) would apply under the One Strike law, there is no evidence of any prejudice.  (*People v. Thomas* (1987) 43 Cal.3d 818, 830–832 [even where the accusatory pleading is defective, the defendant is still required to demonstrate he or she was misled in a manner causing prejudice]; see *People v. Anderson, supra*, 9 Cal.5th at p. 964 [concluding notice error was not harmless].)  Sufficient notice allows a defendant to make informed decisions about his case such as whether to plead guilty, how to allocate investigatory resources, and what trial strategy to employ.  (*Ibid.*)

Nothing in the parties' briefs or the record indicate defendant was offered and refused a plea bargain that confusion over his maximum sentence exposure might have influenced.  Further, there is nothing to suggest defendant might have allocated investigatory resources differently or presented any alternative type of defense had section 667.61(j)(2) been expressly cited with the One Strike law allegations.  The age of the victims was necessarily at issue by virtue of the underlying offenses on counts 3 and 5:  the age of the victims was expressly pleaded under each count and necessarily considered and found true by the jury.  Like *Vaquera*, we perceive no prejudice stemming from any deficient notice of which indeterminate term would necessarily apply under the One Strike law if the allegations were proven.  (*Vaquera, supra*, 39 Cal.App.5th at p. 242, review granted.)[8]

---

[8]    We agree with the People on the merits of this issue and, therefore, decline to address their claim of forfeiture.

17.

## DISPOSITION

The judgment is affirmed.


        MEEHAN, J.

WE CONCUR:


LEVY, Acting P. J.


PEÑA, J.