Filed 6/15/26  P. v. Tennard CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E086340 |
| v. | (Super.Ct.No. SWF1500345) |
| THOMAS RAYMILLIER TENNARD, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John M. Monterosso, Judge.  Reversed and remanded with directions.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland and Arlene A. Sevidal, Assistant Attorneys General, Robin Urbanski and Brendon Marshall, Deputy Attorneys General, for Plaintiff and Respondent.

1

At a hearing pursuant to Penal Code section 1172.75,[1] the court ruled that it had no discretion to consider defendant and appellant Thomas Raymillier Tennard, Jr.'s motion pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*). On appeal, defendant contends the court erred in declining to consider his *Romero* motion. We reverse and remand.

## I. PROCEDURAL BACKGROUND

On December 15, 2015, a jury found defendant guilty of inflicting corporal injury resulting in a traumatic condition upon his cohabitant girlfriend. (§ 273.5, subd. (a), count 1.) The court thereafter found true allegations that defendant had suffered four prior prison terms (§ 667.5, subd. (b)) and two prior strike convictions (§ 667, subds. (b)-(i)), including a 1991 conviction for forcible rape, a "super strike" (§§ 261, subd. (a)(2), 667, subd. (e)(2)(c)(iv)(I)). (*People v. Tennard* (2017) 18 Cal.App.5th 476, 480 (*Tennard*).)

The court denied defendant's *Romero* motion and sentenced him to 25 years to life in prison and a consecutive one-year, determinate term on one of the prior prison terms. The court stayed the remaining three prior prison terms. (*Tennard*, *supra*, 18 Cal.App.5th at p. 481.)

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On July 14, 2023, defendant filed a petition requesting, among other things, relief pursuant to section 1172.75.[2] The court appointed counsel for defendant. On November 15, 2023, the court struck prior prison term enhancement number 3, upon which the sentencing court had imposed a consecutive determinate term of one year.

Counsel for defendant thereafter filed a brief requesting that the court strike defendant's prior strike conviction pursuant to *Romero*. The People contended in their brief that striking the prior strike conviction would be unconstitutional.

At a hearing on May 13, 2025, defense counsel argued that although defendant was not per se entitled to have the strike stricken, he was entitled to move the court to exercise its discretion to strike it. The People responded that defendant was not entitled to consideration of a *Romero* motion at a section 1172.75 resentencing hearing.

The court ruled that it did not have discretion to strike defendant's prior strike conviction. The court struck the three remaining prior prison term enhancements.[3]

---

[2] It was unclear from the record as originally filed how the section 1172.75 proceedings had been initiated. "[S]ection 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition. Rather the process is triggered by the Department of Corrections and Rehabilitation [CDCR] identifying a defendant as a person serving a sentence that includes a prior prison term enhancement. [Citation.]" (*People v. Cota* (2023) 97 Cal.App.5th 318, 332; accord, *People v. Newell* (2023) 93 Cal.App.5th 265, 268; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382 [lower and appellate courts lack jurisdiction over a request for section 1172.75 relief brought solely by a defendant].) On our own motion, we took judicial notice of a CDCR list that identifies individuals potentially eligible for section 1172.75 relief; defendant's name appears on that list.

[3] We note that prior prison term enhancement number 2 was based on defendant's conviction for rape by force (§ 261, subd. (a)(2)), a sexually violent offense under section 6600 of the Welfare and Institutions Code.

## II. DISCUSSION

Defendant contends that the court erred in concluding that it did not have discretion to strike the prior strike conviction.  The People concede.  We agree.

"In 2019, in an effort to reduce the societal and fiscal burdens of incarceration, the Legislature passed Senate Bill No. 136 (2019-2020 Reg. Sess.) (Senate Bill No. 136), which amended section 667.5[, subdivision ](b) to eliminate prior-prison-term enhancements for all prior crimes except for 'sexually violent offense[s] as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code.'  (Stats. 2019, ch. 590, § 1.)  In 2021, Senate Bill No. 483 (2021-2022 Reg. Sess.) made this change retroactive.  It enacted Penal Code section 1171.1 (Stats. 2021, ch. 728, §§ 1, 3), later renumbered without substantive change as Penal Code section 1172.75 (section 1172.75) (Stats. 2022, ch. 58, § 12), which declares:  'Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid.'  [Citation.]" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1054 (*Rhodius*).)

"A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing.  [Citation.]  To facilitate the process, the statute directs California's Department of Corrections and Rehabilitation (CDCR) to 'identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a).'  [Citation.]  Upon receiving that information,

4

the sentencing court must 'review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a).' [Citation.] 'If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant.' [Citation.] The statute provides separate deadlines for identification, review, and resentencing of 'individuals . . . currently serving a sentence based on the enhancement' and 'all other individuals.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"Section 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As relevant here, subdivision (d) specifies: 'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety. Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.' [Citation.] The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.' [Citation.] In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the

5

original sentencing so that continued incarceration is no longer in the interest of justice.' [Citation.]" (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

"[S]ection 1172.75 entitles a defendant to resentencing if the underlying judgment includes a prior-prison-term enhancement that was imposed before January 1, 2020, regardless of whether the enhancement was then executed or instead stayed." (*Rhodius*, *supra*, 17 Cal.5th at p. 1054.) "[T]he trial court ha[s] the authority to exercise its discretion under section 1385(a) and *Romero* to strike any or all of [defendant's] strike priors after recalling his sentence and for the purpose of resentencing him under section 1172.75." (*People v. Rogers* (2025) 108 Cal.App.5th 340, 364 (*Rogers*); accord, *People v. Monroe* (2022) 85 Cal.App.5th 393, 400; see *People v. Dowdy* (2024) 107 Cal.App.5th 1, 9-13.)[4]

Here, defendant's judgment included three remaining prior prison term enhancements that were imposed and stayed before January 1, 2020. Two of the remaining prior prison term enhancements were not for sexually violent offenses.[5] Thus, defendant was a person serving a sentence that included a prior prison term enhancement and was eligible for a full resentencing hearing, including consideration of his *Romero* motion. Therefore, pursuant to *Rhodius* and *Rogers*, the matter must be reversed and

---

[4] The California Supreme Court recently declined to address whether courts have discretion to strike a prior strike conviction pursuant to *Romero* at a section 1172.75 hearing: "We do not consider or resolve whether trial courts may strike prior strike offenses pursuant to . . . [*Romero*] and section 1385, subdivision (a) at a section 1172.75 resentencing. [Citation.]" (*People v. Superior Court* (*Guevara*) 18 Cal.5th 838, 854, fn. 5.)

[5] See footnote 3 *ante*.

6

remanded with directions to the court below to hold a full resentencing hearing at which the court must consider defendant's *Romero* motion.

### III.  DISPOSITION

The matter is reversed and remanded to the trial court with directions to hold a full resentencing hearing at which the court must consider defendant's *Romero* motion.  We express no opinion on whether defendant would be entitled to any further relief at the resentencing hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

<u>McKINSTER</u>
          Acting P. J.

We concur:

<u>MENETREZ</u>
    J.

<u>LEE</u>
    J.