Filed 5/18/22  P. v. Thompson CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>MICHAEL THOMAS THOMPSON,<br><br>Defendant and Appellant. | F083459<br><br>(Fresno Super. Ct. No. F21904830)<br><br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Heather Mardel Jones, Judge.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Hill, P. J., Franson, J. and Meehan, J.

## INTRODUCTION

Appellant and defendant Michael Thomas Thompson pleaded no contest to felony resisting an officer (Pen. Code, § 69)[1] and was sentenced to four years in prison consistent with a negotiated disposition.  On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We affirm.

## FACTS[2]

On June 16, 2021, a driver heading eastbound on Adams Avenue near Highway 41 in Fresno County saw a fire on the eastside of Highway 41.  The driver saw a man, later identified as defendant, walking eastbound.  The driver also saw a small fire that was growing, about five to 10 feet behind defendant.  The driver believed defendant was setting fires in the area, called 911, and gave the man's description.

A deputy responded to the area and saw defendant, who matched the description.  Defendant was smoking a cigarette, and he walked away from the patrol car and went into a vineyard.  The deputy was advised that defendant was by a store.  When the deputy tried to approach him, defendant took a " 'bladed stance' " and then ran into the vineyard.[3]

The deputy followed defendant in his patrol car.  Defendant stopped, turned around, and quickly walked toward the patrol car with clenched fists.  The deputy got out of his patrol car, attempted to talk to defendant, and told him to relax.  Defendant continued to be verbally aggressive and tried to run in different directions.

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

[2] The following facts are from the police report, as summarized in the probation report, to provide context for the parties' arguments and the court's findings at the sentencing hearing, as will be addressed below.

[3] A "bladed stance" has been described as " 'a boxer's stance, kind of one foot back, stable platform, kind of shoulder width apart, just preparing yourself to get into some kind of confrontation.' "  (*People v. Hendrix* (2013) 214 Cal.App.4th 216, 230.)

2.

The deputy used his pepper spray on defendant, and he tried to run away. The deputy caught up with defendant and used a leg sweep to bring him down. The deputy attempted to place him in handcuffs. Defendant resisted and tried to grab the deputy's leg and ankle. The deputy struck defendant in the body and was able to detain him.

The deputy found a screwdriver in defendant's pocket. Defendant pulled away from the deputy, who took defendant to the ground until additional officers arrived to assist. When an emergency medical team arrived to evaluate defendant, he began to yell and curse at them. He refused to give him name and continued to be verbally aggressive.

The driver was brought to the location where defendant was detained, and positively identified him as the person near the fires. Defendant was on parole, and a parole hold was placed on him.

### PROCEDURAL BACKGROUND

On June 18, 2021, a complaint was filed in the Superior Court of Fresno County charging defendant with count 1, arson of a structure or forest (§ 451, subd. (c)); count 2, resisting an executive officer (§ 69); and count 3, misdemeanor resisting, obstructing, and delaying a peace officer (§ 148, subd. (a)(1)); with two prior strike convictions for assault with a deadly weapon in 2013 (§ 245, subd. (a)(1)), and criminal threats in 2011 (§ 422).

**Plea and Sentence**

On August 20, 2021, defendant pleaded no contest to count 2, felony resisting an executive officer, and admitted the prior strike convictions, pursuant to a negotiated disposition for a maximum term of four years and dismissal of counts 1 and 3. The plea was based on *People v. West* (1970) 3 Cal.3d 595.[4]

On October 8, 2021, the court held the sentencing hearing. Defendant moved to reduce his felony conviction to a misdemeanor pursuant to section 17, subdivision (b), or

_____

[4] A "*West*" plea is "a plea of nolo contendere, not admitting a factual basis for the plea." (*In re Alvernaz* (1992) 2 Cal.4th 924, 932.)

3.

in the alternative, dismiss the prior strike convictions pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

The prosecutor opposed the motion to reduce the felony conviction to a misdemeanor and stated the facts in the police report showed "a standoff of sort between the defendant and officer. The defendant had plenty of opportunities to cooperate with the officer but continue to fail to do so. All of playing a game of cat and mouse with him and when the officer finally made contact with the defendant, that is when the crowding and struggling ensued and the defendant made quite a bit of contact grabbing the police officer's leg, ankle and wrist, taking his glove off. [¶] I don't think that this is misdemeanor behavior. I think it does warrant [a] felony, especially in light of defendant's criminal history, which is serious."

Defense counsel disputed this account and stated the officer took defendant down to his knees, defendant was not struggling, he did not try to grab the officer's weapons, and he "was just trying to protect himself."

The court denied defendant's motion to reduce the felony conviction to a misdemeanor because "this was a protracted resisting of an executive officer." "It didn't even involve just one action, it was a series of fleeing, taking a bladed stance, struggling, profanity and yelling, fleeing again. The officer had to use his spray, that didn't apparently take effect, there was another flee, there was a struggle on the ground, eventually he was detained but then there was a struggle at the time he was detained and he turned, he spun around, he pulled away, and it took several officers to assist the deputy and finally taking the defendant under control, including when emergency medical services arrived and attempted to evaluate the defendant, he was combative with them as well …."

The court next addressed whether to dismiss the prior strike convictions and noted defendant's current offense was not a serious or violent felony. The court further noted the offense involved force and a struggle, and defendant had a screwdriver in his pocket

4.

but never used it.  The court found defendant posed a danger to society based on his record, which began when he was a juvenile.  Defendant interrupted and said he did not have any juvenile offenses.  His attorney told him to let the court continue.

The court further stated defendant was convicted of numerous batteries and other violent crimes, he had not been crime free since 2006, he was released on parole in March 2020 for his most recent strike offense, and he committed the current offense in June 2021.  The court concluded that he was not outside the spirit of the "Three Strikes" law based on the nature and circumstances of his prior convictions and current offense.

Defendant again interrupted and said, "[M]y past is my past."  He admitted that he ran from the police, but "that is my job to run.  He caught me."  Defendant said there was "a program" that he was going to go to, "but I know you guys are going to deny it.  You guys don't want me on the streets, you guys think I'm a threat to society.  Well really I'm not a threat to society.  You guys don't talk about the good I do for people, how about that."[5]

The court replied that defense counsel could present his case, but it had reviewed defendant's prior adult criminal history and it was "significant and lengthy."  The court found defendant engaged in violent conduct in the past, he was a serious danger to society, his prior convictions as an adult were numerous, and in equal or increasing seriousness, he served a prior prison term, he was on parole at the time he committed the current offense, and his performance on supervision had been unsatisfactory.

The court denied probation and sentenced defendant to the midterm of two years, doubled to four years as the second strike term.[6]

---

[5] There are no references in the record to any "program" that defendant requested or was found eligible for.

[6] Proposition 36 "amended the Three Strikes law with respect to defendants whose current conviction is for a felony that is neither serious nor violent.  In that circumstance, unless an exception applies, the defendant is to receive a second strike sentence of twice the term otherwise provided for the current felony, pursuant to the provisions that apply

The court stated that the probation report recommended a restitution fine of $1,200. Defendant interrupted and said he could not pay that amount. The court replied that it was going to reduce the restitution fine to $300 (§ 1202.4, subd. (b)). It imposed and suspended the parole revocation fine in the same amount (§ 1202.45). The court did not impose any additional fees or assessments.

On October 15, 2021, defendant filed a timely notice of appeal.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on January 13, 2022, we invited him to submit additional briefing.

On January 21, 2022, defendant filed a letter brief and stated he should have been placed in a program, the police report was not correct, he got too much time for running away from the police, he should have received county time, and it was unfair to rely on his record to sentence him to state prison. Defendant complained his public defender "played" him and never heard his side of the story, he never threatened the officer, and he just "cussed him out."

The court has discretion to reduce a "wobbler" offense, such as a violation of section 69, to a misdemeanor. (*People v. Park* (2013) 56 Cal.4th 782, 793.) "The

---

when a defendant has one prior conviction for a serious or violent felony." (*People v. Johnson* (2015) 61 Cal.4th 674, 681; *People v. Tennard* (2017) 18 Cal.App.5th 476, 483.) "Thus, when a defendant has *two prior strikes* and his current felony is not a strike, the defendant is to be sentenced pursuant to section 667, subdivision (e)(1)—that is, as if the defendant had only *one prior strike*—to twice the term otherwise provided for the current felony, unless one of the exceptions or disqualifying factors described in subdivision (e)(2)(C) applies." (*People v. Tennard,* at p. 483.)

While appellant admitted two prior strike convictions, and the court declined to dismiss either prior strike, he pleaded to violating section 69, which is not a serious or violent felony (§ 667.5, subd. (c); § 1192.7, subd. (c)) and was not subject to a third strike term.

6.

purpose of the trial judge's sentencing discretion to downgrade certain felonies is to 'impose a misdemeanor sentence in those cases in which the rehabilitation of the convicted defendant either does not require, or would be adversely affected by, incarceration in a state prison as a felon.' [Citation.] The reduction of a wobbler to a misdemeanor is not based on the notion that a wobbler offense is 'conceptually a misdemeanor.' [Citation.] Rather, it is 'intended to extend misdemeanant treatment to a potential felon' and 'extend more lenient treatment to an offender.' " (*People v. Tran* (2015) 242 Cal.App.4th 877, 886.)

The court also has discretion to dismiss a prior strike conviction in furtherance of justice under section 1385. (§ 1385, subd. (a); *People v. Superior Court (Romero)*, *supra*, 13 Cal.4th 497, 529–530.) In considering whether to exercise its discretion, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) We review the court's decision under section 1385 under the deferential abuse of discretion standard. (*People v. Carmony* (2004) 33 Cal.4th 367, 375–377; *People v. Williams, supra*, 17 Cal.4th at p. 162.)

The court properly considered the relevant factors of the nature and circumstances of defendant's current offense and his prior record and did not abuse its discretion when it denied defendant's motions to reduce his felony conviction to a misdemeanor and dismiss the prior strike convictions.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.