Filed 7/21/22  P. v. Tennard CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>THOMAS RAYMILLIER TENNARD, JR.,<br><br>　　　　Defendant and Appellant. | E078755<br><br>(Super.Ct.No. SWF1500345)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Dismissed.

Aaron J. Schechter, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

<u>INTRODUCTION</u>

Defendant and appellant Thomas Raymillier Tennard, Jr., appeals from a postjudgment order denying his Penal Code[1] section 1170.95 petition for resentencing under the procedures established by Senate Bill No. 1437. Appointed appellate counsel filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*)*; Anders v. California* (1967) 386 U.S. 738 (*Anders*).) Because defendant is not entitled to *Wende/Anders* review from denial of the challenged postjudgment motion, and neither he nor his counsel has raised any claim of error in the denial, we dismiss his appeal as abandoned.

<u>PROCEDURAL BACKGROUND</u>

In 2015, a jury found defendant guilty of one count of inflicting corporal injury on his cohabitant girlfriend. (§ 273.5, subd. (a); *People v. Tennard* (2017) 18 Cal.App.5th 476, 480 (*Tennard*).) A trial court found that he had four prison priors (§ 667.5, subd. (b)) and two prior strikes (§ 667, subds. (b)–(i)), including a 1991 conviction for forcible rape, a "super strike" (§§ 261, subd. (a)(2), 667, subd. (e)(2)(C)(iv)(I)). (*Tennard*, at p. 480.) Defendant was sentenced to 25 years to life on his conviction, plus a consecutive one-year term on one of his prior prisons. (*Id.* at pp. 480-481.)

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

Defendant appealed his conviction, and this court affirmed the judgment but remanded the matter for the trial court to make a correction in the abstract of judgment. (*Tennard*, *supra*, 18 Cal.App.5th at p. 488.)

On March 10, 2022, defendant filed in propria persona, a "Petition for Resentencing Pursuant to Penal Code 1170.95 SB 1437 1170(D)1, 1170.03 SB.81 [*sic*]."

On March 25, 2022, the trial court held a hearing and noted that defendant's conviction for inflicting corporal injury (§ 273.5) was "not amenable to 1170.95" and that there was "no murder conviction, nothing related to murder." Defense counsel replied that she "[did not] disagree with the Court on that" and objected to a dismissal "on equal protections." The court then denied the petition since defendant failed to make a prima facie case for relief.

Defendant filed a timely notice of appeal of the "[d]enial of petition for resentencing pursuant to Penal Code section 1170.95 and Senate Bill No. 1437."

DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *Wende*, *supra*, 25 Cal.3d 436 and *Anders*, *supra,* 386 U.S. 738, setting forth a statement of the case, and identifying the following potential arguable issues: (1) whether the trial court erred in finding there was no qualifying charge eligible for resentencing pursuant to section 1170.95; (2) whether section 1170.95 applies to defendant's case under the federal and state constitutional guarantees of equal protection; and (3) whether the trial court erred in failing to order defendant to be resentenced pursuant to any other statute besides section 1170.95.

3

Defendant was offered an opportunity to file a personal supplemental brief, which he has not done. Thus, no claim of error has been raised.

Our high court is currently considering whether an appellate court must conduct an independent review of the record when counsel files a *Wende* brief after the trial court denies a petition for resentencing under section 1170.95. (*People v. Delgadillo* (Nov. 18, 2020, B304441) [nonpub. opn.], review granted Feb. 17, 2021, S266305.) Recent Court of Appeal cases have consistently held that we are not required to conduct such a review and may dismiss an appeal as abandoned if the petitioner does not file a supplemental brief. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1031-1032, 1039-1040, review granted Oct. 14, 2020, S264278; *People v. Figueras* (2021) 61 Cal.App.5th 108, review granted May 12, 2021, S267870; *People v. Scott* (2020) 58 Cal.App.5th 1127, 1131, review granted Mar. 17, 2021, S266853.) Some cases have explained that we have discretion to review the record independently for arguable issues and should do so in the interest of justice, either where an initial review does not show the defendant is obviously ineligible for relief or as a routine matter. (See *People v. Gallo* (2020) 57 Cal.App.5th 594, 598-599, 271; *People v. Flores* (2020) 54 Cal.App.5th 266, 269-274; *People v. Allison* (2020) 55 Cal.App.5th 449, 456.)

In this case, we conclude defendant is not entitled to *Wende/Anders* review of the order denying his petition for resentencing relief under section 1170.95. The right to *Wende/Anders* review applies only at appellate proceedings where defendant has a previously established constitutional right to counsel. (*People v. Serrano* (2012) 211 Cal.App.4th 496, 500-501; *Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 536-537.)

4

The constitutional right to counsel extends to the first appeal of right, and no further. (*Serrano*, at pp. 500-501.) The appeal before us, "although originating in a criminal context, is not a first appeal of right from a criminal prosecution, because it is not an appeal from the judgment of conviction." (*Id.* at p. 501.) While a criminal defendant has a right to appointed counsel in an appeal from an order after judgment affecting his substantial rights (Pen. Code, §§ 1237, 1240, subd. (a); Gov. Code, § 15421, subd. (c)), that right is statutory, not constitutional. Thus, defendant is not entitled to *Wende* review in such an appeal. (See *Serrano*, at p. 501 [no *Wende* review for denial of postconviction motion to vacate guilty plea pursuant to section 1016.5].)

Applying *Serrano* here, defendant has no right to *Wende/Anders* review of the denial of his section 1170.95 petition for resentencing. Because neither defendant nor his counsel has raised any claim of error, and because this appeal concerns a postjudgment proceeding in which there is no constitutional right to counsel, we will dismiss defendant's appeal as abandoned.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS _____
J.

I concur:

SLOUGH _____
J.

[*The People v. Thomas Raymillier Tennard*, E078755]

RAMIREZ, P. J., Dissenting

I respectfully dissent.  Unless and until our Supreme Court instructs otherwise, I continue to embrace our opinion in *People v. Gallo* (2020) 57 Cal.App.5th 594, 599, which concluded the interests of justice call for independent review of the record in post-judgment no-issue appeals even if the defendant has not filed a supplemental brief.

RAMIREZ            

P. J.

1