Filed 6/28/23  P. v. Villalobos CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C096077 |
| Plaintiff and Respondent, | (Super. Ct. No. 12F3930) |
| v. | |
| RAMON DANIEL VILLALOBOS, | |
| Defendant and Appellant. | |

Defendant Ramon Daniel Villalobos appeals from the trial court's order denying his renewed petition for resentencing or dismissal under Proposition 64, the Control, Regulate and Tax Adult Use of Marijuana Act, which, among other things, reduced certain marijuana-related felony offenses to misdemeanors.  (See *People v. Smit* (2018) 24 Cal.App.5th 596, 599 (*Smit*).)  However, because "an order denying a renewed motion pursuant to [Code of Civil Procedure] section 1008, subdivision (b) is not appealable"

1

(*Tate v. Wilburn* (2010) 184 Cal.App.4th 150, 160 (*Tate*)), we shall dismiss the appeal. (Hereafter, undesignated statutory references are to the Code of Civil Procedure.) We further conclude that any purported appeal from the trial court's amendment to the sentencing minutes, which struck a one-year prior prison term enhancement from defendant's original sentence, must also be dismissed.

BACKGROUND

In 2012, a jury convicted defendant of possessing marijuana for sale, transporting marijuana, and possessing a switchblade knife. (*People v. Villalobos* (Nov. 22, 2013, C072755) [nonpub. opn.].) The trial court also found defendant had three prior strike convictions within the meaning of the Three Strikes law, including a 2000 Texas sexual assault conviction that the trial court concluded was "the equivalent to a rape in California." The trial court further found defendant served a prison term in connection with one of the other strike convictions. After denying defendant's invitation to strike any of his prior strikes, the trial court sentenced him to serve an indeterminate term of 26 years to life in state prison.

On appeal from the underlying judgment, we vacated one of the other strike conviction findings, involving a 1996 Illinois conviction, and otherwise affirmed the judgment. (*People v. Villalobos*, *supra*, C072755.) In connection with our rejection of defendant's assertion that the trial court abused its discretion in declining to strike any of his prior strikes, we noted the following with respect to the 2000 Texas sexual assault conviction: "The only facts in the record regarding the 2000 Texas felony conviction for sexual assault (which the trial court found to be the equivalent of a rape conviction under [Penal Code] section 261, *a finding that defendant does not dispute*) are defendant's comments in the probation report to which the trial court declined to give credence. Defendant claimed that he had consensual sex with the daughter of a homicide detective at a party, which resulted in a pregnancy 'so he was charged because of who the victim

2

was.' As the trial court specifically noted, the one-page record of conviction reflected that he had also been convicted in the same proceeding of 'aggravated perjury,' and the Texas court had denied his application for probation." (*Ibid.*, italics added.)

In November 2016, the electorate enacted the Control, Regulate and Tax Adult Use of Marijuana Act (Proposition 64). This enactment legalized recreational marijuana use and reduced certain marijuana-related offenses, including possessing marijuana for sale and transporting marijuana, from felonies to misdemeanors unless, as relevant here, "[t]he person has one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 of the Penal Code or for an offense requiring registration pursuant to subdivision (c) of Section 290 of the Penal Code." (Health & Saf. Code, §§ 11359, subd. (c)(1), 11360, subd. (a)(3)(A).) The "super strike" offenses set forth in Penal Code section 667, subdivision (e)(2)(C)(iv) include forcible rape. (*People v. Tennard* (2017) 18 Cal.App.5th 476, 488; see Pen. Code, § 667, subd. (e)(2)(C)(iv)(I);Welf. and Inst. Code, § 6600, subd. (b).) Rape is also listed as one of the offenses requiring registration pursuant to Penal Code section 290, subdivision (c).

Proposition 64 also added section 11361.8 to the Health and Safety Code, creating "a vehicle by which a defendant currently serving a sentence for a conviction for any of a number of marijuana-related statutes, including [Health and Safety Code] section[s] 11359 [and 11360], may petition the trial court for resentencing or dismissal of the drug conviction if the offense is no longer a crime or is now a lesser offense." (*Smit, supra,* 24 Cal.App.5th at p. 600.)

Defendant filed such a petition in January 2017. While designated a "petition for dismissal" on a Judicial Council form citing Penal Code section 17, subdivisions (b) and (d)(2), and Penal Code sections 1203.4, 1203.4a, 1203.41, and 1203.49, the declaration filed with the petition makes clear that defendant was seeking relief under Health and Safety Code section 11361.8. The trial court denied the request for dismissal with

3

prejudice and denied the request for reduction of defendant's felony convictions to misdemeanors "without prejudice" to defendant's ability to request a hearing, and also noting: "Petitioner may seek relief pursuant to Prop 64." The trial court's order also indicates that the public defender's office was notified about defendant's request for relief under Proposition 64.

In July 2017, the public defender's office filed a new petition on defendant's behalf, seeking the same relief, but this time designated a petition for resentencing or dismissal under Health and Safety Code section 11361.8, subdivision (b) on the appropriate Judicial Council form. The prosecution responded that defendant was not entitled to relief because he "previously suffered a prior conviction for an offense listed within Penal Code § 667(e)(2)(C)(iv) or 290(c)," specifically, "Rape – Texas Penal Code [section] 22.011(a)(1)." The trial court denied the petition in February 2018, noting: "Petitioner has a prior felony which is serious [and] violent which requires [Penal Code section] 290 registration." The order also noted: "Petitioner's counsel may request a hearing; the denial is without prejudice." The record does not indicate that a hearing was requested by the public defender's office. Nor is there any indication that defendant appealed from this order.

Over three years later, in September 2021, the public defender's office filed another petition seeking the same relief under Health and Safety Code section 11361.8. The prosecution again responded that defendant was not entitled to relief due to his 2000 Texas conviction.

The matter was placed on calendar and a hearing was held in March 2022. At the hearing, the trial court characterized the new petition as a motion for reconsideration of the previous order denying the 2017 petition. The trial court denied the petition/motion for reconsideration because "[n]othing new has been stated in the petition" and the 2000 Texas conviction amounts to "a super strike," which "in and of itself disqualifies [defendant] from being able to seek resentencing." After denying the petition, the trial

4

court struck the prior prison term enhancement "because of the change in the law."  (See Senate Bill No. 136 (2019-2020 Reg. Sess.), amending the circumstances under which a prior prison term enhancement may be imposed.)

The order denying defendant's petition was filed on March 28, 2022.  The same day, the trial court amended the sentencing minutes to reflect a sentence of 25 years to life and issued a new abstract of judgment.  Defendant filed two notices of appeal on April 13, 2022, one indicating defendant was appealing from the "denial for resentencing under Prop 64," and the other simply checking the box for "Other *(specify)*," without specifying a particular order from which he was appealing.

DISCUSSION

I

*The Order Denying Defendant's Renewed Motion is Not Appealable*

Defendant contends the trial court prejudicially erred in denying his petition for resentencing or dismissal under Proposition 64 because the prosecution did not prove his 2000 Texas conviction constituted a disqualifying super strike.  In response, the Attorney General argues the trial court properly characterized defendant's petition as a motion for reconsideration and urges this court to dismiss the appeal because an order denying a motion for reconsideration is not appealable.  We conclude the petition is more properly characterized as a renewed motion under section 1008, subdivision (b), but the result is the same.  The order is not appealable.

Section 1008, subdivision (a) provides, in relevant part:  "When an application for an order has been made to a judge, or to a court, and refused in whole or in part, . . . any party affected by the order may, *within 10 days* after service upon the party of written notice of entry of the order and *based upon new or different facts, circumstances, or law*, make application to the same judge or court that made the order, *to reconsider the matter* and modify, amend, or revoke the prior order."  (Italics added.)  Subdivision (b) of this

section provides, in relevant part:  "A party who originally made an application for an order which was refused in whole or part . . . may make *a subsequent application for the same order upon new or different facts, circumstances, or law . . . .*"  (§ 1008, subd. (b), italics added.)

Defendant's 2021 petition did not ask the trial court to reconsider its February 2018 order denying resentencing or dismissal under Proposition 64.  It did, however, ask the trial court for "the same order" (§ 1008, subd. (b)) that defendant sought when he filed the previous petitions in January and July of 2017, i.e., an order granting relief under Proposition 64.  While the trial court viewed defendant's 2021 petition as a motion for reconsideration under section 1008, subdivision (a), we conclude it is more accurately characterized as "a renewed motion under section 1008, subdivision (b)" because the 2017 and 2021 petitions sought identical relief.  (*Tate*, *supra*, 184 Cal.App.4th at p. 157; *California Correctional Peace Officers Assn. v. Virga* (2010) 181 Cal.App.4th 30, 43 [second motion for attorney's fees, while brought pursuant to a different statute, was "a motion for 'the same order' " under section 1008, subdivision (b) because the two motions "sought identical relief"].)

An order denying a renewed motion is not appealable.  (*Tate*, *supra*, 184 Cal.App.4th at p. 160.)  As our colleagues at the Fourth Appellate District explained in *Tate*, subdivisions (a) and (b) of section 1008 are "closely related" provisions and "an extensive body of case law concerning the appealability of an order denying a motion for reconsideration" has held such an order is not appealable.  (*Id*. at pp. 159-160; see, e.g., *Annette F. v. Sharon S.* (2005) 130 Cal.App.4th 1448, 1459.)  The court explained that the same rationale applied with equal force to an appeal from an order denying a renewed motion.  One consideration in particular, i.e., eliminating the possibility that a party would have an unwarranted extension of time to appeal a decision, was "actually more of a concern" in the context of a renewed motion because "such a motion may be brought at any time, while a motion for reconsideration must be brought 'within 10 days after

6

service upon the party of written notice of entry of the [underlying] order.' [Citation.]" (*Tate*, *supra*, at p. 160.) Another relevant consideration is the prospect of a party having "two appeals from the same decision." (*Ibid.*)

Both of those considerations are implicated by the facts of this case. Defendant could have appealed from the February 2018 order denying his petition for resentencing or dismissal under Proposition 64, but he did not do so. (See, e.g., *People v. Banda* (2018) 26 Cal.App.5th 349 [appeal from order denying motion to dismiss under Proposition 64].) If a renewed motion seeking the same relief is also appealable, this presents the possibility of multiple appeals from the same denial, especially in a case such as this one, where defendant has presented no new circumstances supporting the renewed petition. Moreover, having failed to appeal from the 2018 denial of his petition, defendant waited more than three years to file a renewed petition and then appeal from the denial of that renewed petition. Allowing this appeal to continue would effectively extend the amount of time defendant had to appeal from the initial denial more than three years.

Nevertheless, defendant argues this appeal is properly taken from the only final judgment issued on the Proposition 64 petition because the February 2018 order was "a provisional, conditional ruling denying the petition."

We are not persuaded. First, defendant's conclusory statements in the reply brief notwithstanding, he has not persuaded this court that the 2018 order was not appealable. But second, even if we assume he is right that the 2018 order was interim rather than final, the 2021 petition is still a renewed motion. Section 1008, subdivision (e) provides: "This section specifies the court's jurisdiction with regard to applications for reconsideration of its orders and renewals of previous motions, and applies to all applications to reconsider any order of a judge or court, or for the renewal of a previous motion, *whether the order deciding the previous matter or motion is interim or final.* No application to reconsider any order or for the renewal of a previous motion may be

7

considered by any judge or court unless made according to this section." (Italics added.) Thus, whether the 2018 order was interim or final, the 2021 petition seeking the same relief remains a renewed motion; the denial of which is not appealable. (*Tate*, *supra*, 184 Cal.App.4th at p. 160.)

Moreover, under section 1008, subdivision (e), the trial court had no jurisdiction to hear defendant's renewed motion unless it was based "upon new or different facts, circumstances, or law" (§ 1008, subd. (b)), which it was not. (See Stats. 1992, ch. 460, § 1 ["it is the further intent of the Legislature to clarify that no renewal of a previous motion, whether the order deciding the previous motion is interim or final, may be heard unless the motion is based on new or different facts, circumstances, or law"]; *In re Marriage of Barthold* (2008) 158 Cal.App.4th 1301, 1313 ["in amending section 1008 to add the language making that statute exclusive and jurisdictional, the Legislature intended it to apply to interim and final orders alike"].) And this court has jurisdiction over post-judgment appeals only if they may affect the substantial rights of a party. (Pen. Code, § 1237, subd. (b).) Without jurisdiction in the trial court to even consider the 2021 petition, we cannot conclude denial of the petition in any way affected defendant's substantial rights.

We therefore dismiss this appeal. In light of this conclusion, we deny the Attorney General's request for judicial notice of the record filed in *Villalobos*, specifically the exhibits utilized by the trial court in the underlying case to find defendant's 2000 Texas conviction qualified as a strike conviction.

## II

### *Defendant's Remaining Contention*

Defendant also asserts that the drug registration parole condition imposed by the trial court under former Health and Safety Code section 11590 at his original sentencing hearing must be stricken because this provision was repealed in 2020 as part of Assembly

8

Bill No. 1261 (2019-2020 Reg. Sess.) (Assembly Bill 1261). The Attorney General concedes this parole condition should be stricken "[a]ssuming [defendant] appealed from the trial court's sentencing order, and assuming the trial court's amended order reimposed the drug registration requirement." We need not determine whether these assumptions are well-founded because we conclude any purported appeal from the trial court's amendment to the sentencing minutes must also be dismissed.

Defendant was originally sentenced in December 2012. Nine years later, when defendant filed the renewed petition under Proposition 64, his underlying judgment was final. He does not argue to the contrary. Instead, defendant argues that when the trial court, after denying that petition, went on to strike the one-year prior prison term enhancement and amend the sentencing minutes to reflect a term of 25 years to life, the trial court thereby "reopened the case and rendered an otherwise final judgement [*sic*] non-final." As a nonfinal judgment, defendant argues, he can "appeal the new sentence" and have Assembly Bill 1261 applied to his now-nonfinal judgment. That is not correct.

While we agree that Assembly Bill 1261 applies to all cases not yet final on appeal (see *People v. Pinedo* (2021) 66 Cal.App.5th 608, 614-619), we disagree that this is one of those cases. In support of the assertion that his judgment is nonfinal, defendant relies on *People v. Padilla* (2022) 13 Cal.5th 152. There, as here, the defendant's original sentence had become final. However, unlike this case, that sentence "was vacated on habeas corpus and the case was returned to the trial court for imposition of a new sentence." (*Id*. at p. 158.) Holding that Proposition 57, which "amended the law governing the punishment of juvenile offenses in adult criminal court" (*ibid*.), applied to the defendant's appeal from the new sentence, our Supreme Court explained: "When [the defendant's] sentence was vacated, the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and [the defendant] regained the right to appeal whatever new sentence was imposed. His judgment thus became nonfinal, and it remains nonfinal in its present posture because the Court of Appeal ordered a second

9

resentencing, from which the Attorney General now appeals." (*Id*. at pp. 161-162.) Here, unlike *Padilla*, there has been no vacation of defendant's sentence, and no remand of the matter to the trial court for resentencing, thereby reviving jurisdiction in the trial court to impose a new sentence.

Defendant's argument on appeal appears to assume that the trial court, on its own motion, may reassert jurisdiction over an otherwise final judgment for purposes of imposing a new sentence. Again, that is not correct. Once a judgment is rendered, except for limited statutory exceptions (see Pen. Code, §§ 1170.126, 1170.18, 1172.6), the sentencing court is without jurisdiction to vacate or modify the sentence, except pursuant to the provisions of Penal Code section 1172.1, which allows a sentencing court on its own motion to recall and resentence, subject to the express limitation that the court must act to recall the sentence within 120 days after committing the defendant to prison or county custody. (Pen. Code, § 1172.1, subd. (a)(1); former Pen. Code, § 1170.03 [this was the applicable section at the time the trial court amended the sentencing minutes in this case]; Stats. 2021, ch. 719, § 3.1 [effective Jan. 1, 2022].) "Indeed, 'the court loses "own-motion" jurisdiction if it fails to recall a sentence within 120 days of the original commitment. [Citations.]' [Citation.]" (*People v. Fuimaono* (2019) 32 Cal.App.5th 132, 134 [referencing former Penal Code section 1170, subdivision (d)(1), where the applicable provisions resided prior to moving to former Penal Code section 1170.03].)

Defendant did not ask the trial court to resentence him pursuant to that court's limited authority to resentence under Penal Code section 1172.1 (or former Penal Code sections 1170.03 or 1170, subdivision (d)(2)), nor could he have successfully invoked these provisions considering the 120-day time limit had long expired. Defendant does not claim the other statutory exceptions apply. Nor did defendant's renewed petition under Proposition 64 provide the trial court with jurisdiction to modify his sentence because, as we have already explained, the trial court had no jurisdiction to hear this

10

renewed petition unless it was based upon new or different facts, circumstances, or law (§ 1008, subd. (b)), which it was not.

This court has jurisdiction over post-judgment appeals only if they may affect the substantial rights of a party. (Pen. Code, § 1237, subd. (b).) Because the trial court lacked jurisdiction to modify defendant's final judgment to provide him with the relief he now seeks under Assembly Bill 1261, the trial court's failure to do so could not have affected defendant's substantial rights.

We therefore also dismiss any purported appeal from the trial court's amendment to the sentencing minutes.

DISPOSITION

The appeal is dismissed.


_____

HULL, Acting P. J.



We concur:



_____

KRAUSE, J.



_____

BOULWARE EURIE, J.

11