Filed 4/24/25  P. v. Roberson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C099791 |
| Plaintiff and Respondent, | (Super. Ct. No. 22FE019182) |
| v. | |
| DOMINICK ROBERSON, | |
| Defendant and Appellant. | |

A jury found defendant Dominick Roberson guilty of human trafficking of P. Doe (Pen. Code, § 236.1, subd. (b)—count one);[1] pimping of Doe (§ 266h, subd. (a)—count two); pandering of Doe (§ 266i, subd. (a)(2)—count three); making a criminal threat

---

[1] Undesignated statutory references are to the Penal Code.

1

against Doe on November 18, 2022 (§ 422—count five);[2] and possession of a firearm by a person who has been convicted of a felony (§ 29800, subd. (a)(1)—count six). The jury found not true that defendant personally used a firearm during the commission of counts one, two, and three. (§ 12022.5, subd. (a).) In a bifurcated trial, the jury found true the allegation that defendant had three prior convictions that qualified as strikes (§§ 667, subd. (e)(2), 1170.12, subd. (c)(2)) and also serious felonies (§ 667, subd. (a)).

The trial court sentenced defendant to a determinate term of four years plus an indeterminate term of 67 years to life: 42 years to life on count one (14 years to life tripled pursuant to the "Three Strikes" law[3]); 25 years to life on count five; and four years (two years doubled) on count six. The trial court imposed and stayed defendant's sentences on counts two and three pursuant to section 654, and it dismissed the section 667, subdivision (a) enhancements pursuant to section 1385.

On appeal, defendant challenges the sufficiency of the evidence to support his convictions for human trafficking (count one) and making a criminal threat on November 18, 2022 (count five). He also contends we should reverse his sentence on count one because the People failed to provide the required notice that he was subject to sentencing as a third strike offender on that conviction. We will affirm the judgment.

---

[2] The jury found defendant not guilty of making a criminal threat against Doe on October 31, 2022 (count four).

[3] "The Three Strikes law was '[e]nacted "to ensure longer prison sentences and greater punishment for those who commit a felony and have been previously convicted of serious and/or violent felony offenses" [citation], [and] "consists of two, nearly identical statutory schemes." ' [Citation.] In March 1994, the Legislature codified its version of the Three Strikes law by adding subdivisions (b) through (i) to Penal Code section 667. A ballot initiative in November of the same year added a new provision, section 1170.12. These two parallel enactments have reposed, somewhat cumbersomely, in the code since that time." (*People v. Henderson* (2022) 14 Cal.5th 34, 43, fn. omitted.) "The two statutes differ only in minor respects not relevant here." (*People v. Conley* (2016) 63 Cal.4th 646, 652.)

# I. BACKGROUND

Doe testified that she met defendant in late July or early August of 2022. On their first date, defendant had sex with Doe and told her that she should sell her "product." He also showed her his gun. For their second date, defendant took Doe to see prostitutes walking "the Blade" or "the hoe stroll" on Stockton Boulevard. Defendant said he would teach Doe to do it better. Doe testified that defendant started threatening her when he called to pick her up again and she said she was not "that type of girl." Doe ultimately did what defendant said because of his threats and because she felt "trapped." Doe said she worked as a prostitute for defendant every day from sometime in August until right before October when she learned she was pregnant. Doe explained that defendant always drove her to "the Blade," and he would take her car keys so that she could not get around during the day or during the night. She testified that he physically assaulted her between 30 and 40 times.

Defendant testified in his own defense. He said he met Doe in September 2022, it was her idea to work as a prostitute, and she was willingly a prostitute for him. He said this arrangement lasted 14 days. He denied Doe's allegations of assault.

# II. DISCUSSION

## A.  *Sufficiency of the Evidence*

Defendant challenges the sufficiency of the evidence to support his convictions for human trafficking of Doe (count one) and making criminal threats against her on November 18, 2022 (count five).

"In reviewing a claim for sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime . . . beyond a reasonable doubt. We review the entire record in the light most favorable to the judgment below to determine whether it discloses sufficient evidence—that is, evidence that is reasonable, credible, and of solid value—supporting the decision, and not whether the evidence

3

proves guilt beyond a reasonable doubt.  [Citation.]  We neither reweigh the evidence nor reevaluate the credibility of witnesses.  [Citation.]  We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence.  [Citation.]  If the circumstances reasonably justify the findings made by the trier of fact, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding."  (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639.)

### 1. Human Trafficking (Count One)

"Section 236.1 proscribes and sets forth the penalties for different kinds of human trafficking offenses."  (*People v. McDowell* (2024) 99 Cal.App.5th 1147, 1153.)  Defendant was charged with and convicted of human trafficking within the meaning of section 236.1, subdivision (b), which applies where a "person . . . deprives or violates the personal liberty of another with the intent to effect or maintain a violation" of one of several specific crimes including pimping (§ 266h) and pandering (§ 266i).  " 'Deprivation or violation of the personal liberty of another' includes substantial and sustained restriction of another's liberty accomplished through force, fear, fraud, deceit, coercion, violence, duress, menace, or threat of unlawful injury to the victim or to another person, under circumstances where the person receiving or apprehending the threat reasonably believes that it is likely that the person making the threat would carry it out."  (§ 236.1, subd. (h)(3).)  "The total circumstances, including the age of the victim, the relationship between the victim and the trafficker or agents of the trafficker, and any handicap or disability of the victim, shall be factors to consider in determining the presence of 'deprivation or violation of the personal liberty of another,' 'duress,' and 'coercion' as described in this section."  (*Id.*, subd. (i).)

Defendant argues the People failed to present sufficient evidence that he deprived Doe of her personal liberty or violated her personal liberty.  We disagree.  Doe testified that defendant threatened her:  "He always just said that he would just stay outside my

4

house until I came out, or he would come and bang down the door and bust the windows out and that he didn't care who was inside, knowing that there was children inside." She said she felt "[v]ery scared." Defendant also made "very threatening calls" to Doe. She thought he would "probably follow through with what he said" and she knew he had a gun.[4] Doe testified defendant physically assaulted her between 30 and 40 times. She also explained defendant took her car multiple times, including while she was working as a prostitute. Defendant monitored her location. The People introduced evidence that when defendant took Doe's car for four days, he returned it with the demand that she keep sharing her location.

Defendant argues Doe's testimony "was belied by the empirical evidence of her text communications with [defendant]." Defendant argues the text messages do not reflect any force, fear, coercion, violence, duress, menace, or threat of unlawful injury to Doe or another person, or that her personal liberty was restricted in a substantial and sustained manner but rather show a willing participant in their pimp-prostitution arrangement. Defendant argues the text messages suggest defendant and Doe met about a month after Doe said they met and that their pimp-prostitute relationship began almost immediately and only lasted a few weeks. Defendant further contends the text messages "depict a woman unhesitant to express her anger at, or dissatisfaction with [defendant]" and generally demonstrate that she was not afraid of defendant. These arguments are unavailing. "In deciding the sufficiency of the evidence, a reviewing court resolves neither credibility issues nor evidentiary conflicts. [Citation.] Resolution of conflicts and

---

[4] Defendant contends the jury dismissed as unfounded any professed fears Doe had as a result of defendant's alleged personal gun use by finding that he did not personally use a firearm in the commission of counts one, two, and three. This would not preclude the jury from considering Doe's knowledge that defendant had a gun. We note the jury convicted defendant of possessing the firearm. Regardless, our sufficiency of the evidence determination does not depend on any evidence that defendant used the gun.

inconsistencies in the testimony is the exclusive province of the trier of fact. [Citation.] Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) There was ample evidence to support the jury's finding of deprivation or violation or Doe's liberty. Doe also explained that her text messages helping defendant advertise her services were a result of the fact that after she "felt trapped, [she] just adapted to [her] environment of not . . . getting out, so [she] gave up." It was for the jury to resolve any inconsistencies in Doe's testimony or conflicts with the text messages and determine whether she was credible.

Likewise, we must reject defendant's assertion that Doe's testimony that defendant assaulted her between 30 and 40 times when she worked as a prostitute was unbelievable because she said her foster mother noticed bruising on only one occasion. The cited testimony does not establish that it was physically impossible or inherently improbable that defendant hit Doe.

We conclude defendant's conviction for human trafficking in count one was supported by sufficient evidence.

2. *Making a Criminal Threat (Count Five)*

In count five, defendant was convicted of making a criminal threat within the meaning of section 422 on November 18, 2022. "In order to prove a violation of section 422, the prosecution must establish all of the following: (1) that the defendant 'willfully threaten[ed] to commit a crime which will result in death or great bodily injury to another person,' (2) that the defendant made the threat 'with the specific intent that the statement . . . is to be taken as a threat, even if there is no intent of actually carrying it out,' (3) that the threat—which may be 'made verbally, in writing, or by means of an electronic communication device'—was 'on its face and under the circumstances in which it [was] made, . . . so unequivocal, unconditional, immediate, and specific as to convey to the person threatened, a gravity of purpose and an immediate prospect of execution of the

threat,' (4) that the threat actually caused the person threatened 'to be in sustained fear for his or her own safety or for his or her immediate family's safety,' and (5) that the threatened person's fear was 'reasonabl[e]' under the circumstances." (*People v. Toledo* (2001) 26 Cal.4th 221, 227-228.) Defendant challenges the sufficiency of evidence of the fourth element of his criminal threat conviction—i.e., that his threat actually caused the victim to be in sustained fear for her safety. That element looks to the victim's state of mind in response to the defendant's threat. (*People v. Fierro* (2010) 180 Cal.App.4th 1342, 1349.) "The word fear . . . describes the emotion the victim experiences." (*Ibid*.) Sustained means "a period of time that extends beyond what is momentary, fleeting, or transitory." (*People v. Allen* (1995) 33 Cal.App.4th 1149, 1156.) Fifteen minutes has been held to be "more than sufficient to constitute 'sustained' fear." (*Ibid*.)

Doe testified that on November 18, 2022, defendant threatened to shoot up her house and to kill her and her child. Doe said she was scared defendant would carry out his threats. Defendant threatened Doe over both phone calls and text messages.

Defendant argues the text messages between Doe and defendant do not express or demonstrate any fear on the part of Doe: "Despite Doe's single assertion at trial that she was scared [defendant] would carry out his threats on November 18, the empirical, unimpeachable evidence proved otherwise." We disagree with the suggestion that the text messages demonstrate no sense of fear on the part of the victim. Regardless, this argument is unavailing because the text messages also do not disprove Doe's testimony that she was afraid. The jury found Doe credible, and we may not disturb this finding on appeal. The evidence was sufficient to support defendant's conviction for making a criminal threat on November 18, 2022.

B.      *Three Strikes Sentencing*

As previously set forth, with respect to count one, the trial court sentenced defendant to 42 years to life—14 years to life tripled based on his prior strikes. (§§ 667, subd. (e)(2)(A)(i), 1170.12, subd. (c)(2)(A)(i).) Defendant contends we should reverse

7

his sentence on count one because the People failed to provide him the requisite notice that he was subject to sentencing as a third strike offender on that conviction. We disagree.

A defendant with two or more prior strike offenses must be sentenced as a second strike offender if his current offense is not a serious or violent felony unless the prosecution "has pled and proved an enumerated disqualifying factor." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 167-168.) The People concede that human trafficking as defined in section 236.1, subdivision (b), is not a serious or violent felony under the Three Strikes law. As relevant here, a defendant with multiple prior strike convictions who is convicted of this offense may still be sentenced as a third strike offender where the prosecution "pleads and proves" either of the following disqualifying factors: (1) the current offense is "a felony offense that results in mandatory registration as a sex offender pursuant to subdivision (c) of Section 290," or (2) that "[d]uring the commission of the current offense, the defendant used a firearm." (§§ 667, subd. (e)(2)(C)(ii) & (iii), 1170.12, subd. (c)(2)(C)(ii) & (iii).) The People failed to prove the latter as to counts one through three because the jury found the firearm allegations not true. The People argue they also sufficiently pled (and proved) that count one is a current offense that requires registration under section 290. We agree.

"The plain language of section 667, subdivision (e)(2)(C) only requires the prosecution to 'plead and prove' that 'any' of the exceptions to second strike sentencing eligibility set forth in subparagraphs (i) through (iv) apply. Neither subdivision (e)(2)(C) nor any other part of section 667 requires the prosecution to *specifically* 'plead and prove' that an exception applies by using any particular language or by referencing the particular subparagraph of the exception or disqualifying factor." (*People v. Tennard* (2017) 18 Cal.App.5th 476, 486; see also § 1170.12, subd. (c)(2)(C).)

In addition to these statutory requirements, "[a] defendant has a due process right to fair notice of the allegations that will be invoked to increase the punishment for his or

8

her crimes." (*People v. Houston* (2012) 54 Cal.4th 1186, 1227.) "Fair notice requires that every sentence enhancement be pleaded in connection with every count as to which it is imposed." (*People v. Anderson* (2020) 9 Cal.5th 946, 956-957.) "Neither the relevant statutes nor the due process clause requires rigid code pleading or the incantation of magic words. But the accusatory pleading must adequately inform the defendant as to how the prosecution will seek to exercise its discretion." (*Id*. at p. 957 [concerning firearm enhancements under section 12022.53].) We conclude the amended information adequately informed defendant that the prosecution would seek to sentence him as a third strike offender if he was convicted of count one.

The amended information pled a current felony offense that requires registration under section 290. Specifically, it alleged in count one that defendant violated section 236.1, subdivision (b). Although the amended information did not specifically plead that the section 236.1, subdivision (b) offense would require registration under section 290, subdivision (c), there is no dispute that it does, that the registration requirement applies automatically when a person is convicted of the offense, and that neither the prosecutor nor the court has discretion to exempt a defendant from the registration requirement. (See *People v. McClellan* (1993) 6 Cal.4th 367, 380.) Furthermore, as we will explain, the prosecution cited the relevant provisions of the Three Strikes law.

After setting forth the allegations for each count, the amended information alleged three prior serious felony convictions and that because of them defendant "is eligible for a three-strikes life sentence" under sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2). Defendant argues "[t]his was certainly true as to [his] convictions for violating section 422, as charged in counts [four] and [five], as those charges are, in and of themselves, serious felonies. (§ 1192.7, subd. (c)(38).) But human trafficking (§ 236.1, subd. (b)) is not, per se, a violent or serious felony. Thus, further notice that this current offense could disqualify [defendant] from a two-strike sentence was required." We disagree. First, defendant's argument is based on his assertion that to properly plead

9

he was eligible for a third strike sentence the prosecution had to specifically plead that the offense that would result in mandatory registration was such an offense. Second, defendant concedes "the People *did* provide the requisite notice . . . in count [one] by specifically alleging that [defendant] personally used a firearm, to wit, a handgun, which caused the offense 'to become a serious felony pursuant to . . . [s]ection 1192.7[, subdivision ](c)(8) and a violent felony within the meaning of . . . [s]ection 667[, subdivision ](c)(8).' " Defendant suggests that by expressly including a firearm use allegation in count one, the People exacerbated the possibility of misleading defendant as to his sentence exposure. We are not persuaded. As defendant acknowledges, the firearm use allegation would have rendered count one eligible for third strike sentencing under sections 667, subdivision (e)(2)(C)(iii) and 1170.12, subdivision (c)(2)(C)(iii). The amended information did not indicate third strike sentencing would be sought only as to any particular count nor did it indicate it would be sought under any particular subpart of sections 667, subdivision (e)(2) and 1170.12, subdivision (c)(2). There was no reason for defendant to assume only one possible basis for third strike sentencing under count one could apply. The citation to "[s]ections 667[, subdivision ](e)(2) and 1170.12[, subdivsion ](c)(2)" was broad enough to include both the situation where the third strike sentencing was available because the current count was a serious or violent felony (§§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A)), as well as the situation where it was not but any of the disqualifying factors applied (§§ 667, subd. (e)(2)(C), 1170.12, subd. (c)(2)(C)), including the use of a firearm and that the offense required registration (§§ 667, subd. (e)(2)(C)(ii) & (iii), 1170.12, subd. (c)(2)(C)(ii) & (iii)). Thus, the allegations were sufficient to provide to defendant notice that he was subject to sentencing under the Three Strikes Law if he was convicted of count one.

## III.  DISPOSITION

The judgment is affirmed.


/S/

_____
RENNER, J.


We concur:


/S/

_____
EARL, P. J.


/S/

_____
MAURO, J.

11