Filed 2/25/26  P. v. McCloud CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083402 |
| v. | (Super.Ct.No. PEF004577) |
| WILLIE MCCLOUD, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Affirmed as modified.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Eric A. Swenson and Christine Y. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Willie McCloud, Jr. appeals from three trial court rulings at his resentencing: (1) finding him ineligible to be resentenced as a second strike defendant under the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012) (Reform Act or Act); (2) finding that the term "enhancements" in Penal Code section 1385, subdivision (c) does not encompass his strike priors; and (3) denying his motion to strike any of his prior strikes pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*). We find no error in these rulings and affirm. We also modify the sentence to reimpose a dismissed prison prior enhancement.[1]

## I. BACKGROUND

In 2000, McCloud was convicted of possessing a controlled substance (Health & Saf. Code, § 11350). McCloud admitted that he had served four prior prison terms (former § 667.5, subd. (b)) and suffered three prior strike convictions (§§ 667, subds. (c) & (e), 1170.12, subd. (c)). (*People v. McCloud* (Nov. 2, 2001, E029184) [nonpub. opn.].) His first strike was in 1977 for first degree burglary (§ 459), and his second and third strikes were in 1984 for forcible rape (§ 261, subd. (a)(2)) and forcible rape in concert with another (§ 264.1). Accordingly, under the "Three Strikes" law (§§ 667, 1170.12), the trial court sentenced McCloud to a determinate term of four years and an indeterminate term of 25 years to life. We affirmed the judgment in 2001. (*People v. McCloud*, *supra*, E029184.)

---

[1] Undesignated statutory references are to the Penal Code.

In 2022, the trial court resentenced McCloud under section 1172.75, which we detail further below.  Over multiple hearings, the trial court dismissed the prison priors under section 1172.75, but it rejected both McCloud's argument that he should be resentenced as a second strike defendant under the Reform Act and a *Romero* motion he filed as part of the resentencing.

## II.  DISCUSSION

### A.  *Reform Act Eligibility*

McCloud contends that the trial court erred in declining to resentence him under the Reform Act, which amended the Three Strikes law.  We find no error.

"As originally enacted, the Three Strikes law provided that a defendant previously convicted of a serious or violent felony would be sentenced to a term of 'twice the term otherwise provided as punishment for the current felony conviction.'  (Former § 1170.12, subd. (c)(1), added by Prop. 184, as approved by voters, Gen. Elec.  (Nov. 8, 1994).)  For defendants previously convicted of two or more serious or violent felonies, upon conviction of any subsequent felony, the Three Strikes law provided for sentencing of 'an indeterminate term of life imprisonment with a minimum term of' at least 25 years. (Former § 1170.12, subd. (c)(2)(A).)

"In 2012, voters enacted the Reform Act (Proposition 36), which amended state law to authorize indeterminate third strike life sentences only when the third felony conviction is 'serious or violent,' subject to enumerated disqualifying factors. (§ 1170.12, subd. (c)(1), (2)(C).)  Instead of receiving an indeterminate term for a

3

subsequent nonserious, nonviolent felony, the Reform Act provides that, under current law, defendants will be sentenced to 'twice the term otherwise provided as punishment for the current felony conviction.' (§ 1170.12, subd. (c)(1).)

"The Reform Act's prospective provisions exclude certain defendants from this change in law. A 'defendant does not qualify for this ameliorative change . . . if his current offense is a controlled substance charge involving large quantities ([§ 1170.12], subd. (c)(2)(C)(i)), one of various enumerated sex offenses (*id.*, subd. (c)(2)(C)(ii)), or one in which he used a firearm, was armed with a firearm or deadly weapon, or intended to cause great bodily injury (*id.*, subd. (c)(2)(C)(iii)). The ameliorative provisions of the Reform Act also do not apply in cases in which the defendant was previously convicted of certain enumerated offenses, including those involving sexual violence, child sexual abuse, homicide or attempted homicide, solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable by life imprisonment or death. (§ 1170.12, subd. (c)(2)(C)(iv)(I)–(VIII).)' [Citation.] The prosecution bears the burden of pleading and proving disqualifying factors under section 1170.12 beyond a reasonable doubt." (*People v. Superior Court (Guevara)* (2025) 18 Cal.5th 838, 850-851, fn. omitted (*Guevara*)). Under the Reform Act, "defendants 'may file a petition for a recall of sentence, within two years after the effective date of the act that added this section or at a later date upon a showing of good cause.'" (*Id.* at p. 852, citing § 1170.126, subd. (b).)

Preliminarily, we must consider whether the Reform Act could apply here at all. McCloud was sentenced in 2001. After enactment of the Reform Act, McCloud unsuccessfully petitioned for recall and resentencing under that Act. That petition is not at issue here. Rather, McCloud contends that the resentencing the trial court ordered under section 1172.75 opened the door to the Reform Act's provisions.

"Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Stats. 2019, ch. 590, § 1) prospectively limited the application of one-year prior prison term enhancements to individuals convicted of sexually violent felonies. In 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Stats. 2021, ch. 728, §§ 1, 3), which codified Penal Code section 1171.1, later renumbered without substantive change as section 1172.75. (Stats. 2022, ch. 58, § 12.) Effective January 1, 2022, Senate Bill No. 483 'retroactively appl[ied]' Senate Bill No. 136 to persons 'currently serving a term for a judgment that includes' such an enhancement. (Stats. 2021, ch. 728, § 1; § 1172.75, subd. (b).) [¶] Under Senate Bill No. 483, where a now-invalid enhancement was imposed, 'the court shall recall the sentence and resentence the defendant.' (§ 1172.75, subd. (c).)" (*Guevara*, *supra*, 18 Cal.5th at p. 852.)

In 2022, the California Department of Corrections and Rehabilitation identified McCloud as someone potentially eligible for resentencing under section 1172.75. At resentencing, the trial court struck the four one-year prior prison term enhancements originally imposed in 2001.

For a time, courts held that the Reform Act could not apply at a resentencing brought by section 1172.75. (See, e.g., *People v. Superior Court (Williams)* (2024) 102 Cal.App.5th 1242, 1250 ["We determine that applying the revised penalty provisions of the . . . Reform Act to reduce a defendant's indeterminate life term to a determinate term when the defendant is being resentenced under section 1172.75 due to an invalid prior prison term enhancement unconstitutionally amends the resentencing procedure and requirements set forth in section 1170.126 of the . . . Reform Act."]; *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978; but see *id.* at pp. 988-995 (dis. opn. of Baltodano, J.) [section 1172.75 does not unconstitutionally amend the Reform Act].) However, in October 2025, our Supreme Court held that "the revised penalty provisions of the Reform Act may constitutionally apply at a resentencing pursuant to section 1172.75." (*Guevara*, *supra*, 18 Cal.5th at p. 850.) Accordingly, the Reform Act could apply here.

We then must consider whether McCloud falls under the Reform Act's exclusion for those convicted of certain sexually violent offenses. Defendants are excluded if they have sustained convictions for certain crimes as the People plead and prove those priors. (§ 1170.12, subd. (c)(2)(C)(iv).) This includes any "'sexually violent offense' as defined by subdivision (b) of Section 6600 of the Welfare and Institutions Code." (§ 1170.12, subd. (c)(2)(C)(iv)(I).) In turn, Welfare and Institutions Code section 6600, subdivision (b) includes felony violations of Penal Code sections 261 and 264.1 when committed by force. (Welf. & Inst. Code, § 6600, subd. (b).)

McCloud contends that the People failed to plead or prove that he suffered a prior conviction for a relevant, sexually violent offense. We disagree. The amended information lists, under headings for special prior offenses, that McCloud was convicted of forcible rape under section 261 and forcible rape in concert with another under section 264.1. He admitted these allegations. (*People v. McCloud*, *supra*, E029184).) Moreover, in *People v. Tennard* (2017) 18 Cal.App.5th 476, we held that the Reform Act does not "require[] the prosecution to *specifically* 'plead and prove' that an exception applies by using any particular language or by referencing the particular subparagraph of the exception or disqualifying factor." (*Id.* at p. 486.) Thus, even though the amended information did not reference the subparagraph containing the exception—it could not have, as the information was filed a dozen years before the Reform Act's enactment— McCloud does not show that he is entitled to the Reform Act's ameliorative provisions.

Although not raised by either party, we note an error made at McCloud's resentencing. Prison priors imposed for sexually violent offenses "as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code" remain valid. (§ 1172.75, subd. (a).) One of the prison priors McCloud admitted was for forcible rape, which is a sexually violent offense under Welfare and Institutions Code section 6600, subdivision (b). The trial court accordingly erred in dismissing the prison prior for this offense, and we will order the sentence modified to include it.

7

*B. Section 1385*

McCloud argues that the trial court erred in its application of section 1385, subdivision (c). That provision allows (or, in some cases, requires) a trial court to dismiss enhancements. (§ 1385, subd. (c).) Specifically, McCloud argues that the term "enhancements" in that provision applies to his prior strikes.[2]

Every court to have considered the issue in a published opinion has concluded that section 1385 enhancements do not include prior strike convictions. In *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*), the court held that "section 1385, subdivision (c)'s provisions regarding enhancements do not apply to the Three Strikes law" because it is "well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*Id.* at pp. 243-244.) In *People v. Olay* (2023) 98 Cal.App.5th 60, the court added that the legislative history behind the bill adding section 1385 confirmed that the Legislature did not intend for section 1385 to apply to strikes. "The June 2021 bill analysis of Senate Bill 81 by the Assembly Committee on Public Safety distinguished an 'enhancement' from 'an alternative penalty scheme' like the Three Strikes law. [Citation.] After making that distinction, the bill analysis states, in no uncertain terms, that '[t]he presumption created by this bill applies to enhancements . . . *but does not encompass alternative penalty schemes*.' [Citation.] A

---

[2] McCloud did not make this argument in trial court. If it is forfeited on appeal, we exercise our discretion to consider it because it presents a purely legal question. (See *Martorana v. Marlin & Saltzman* (2009) 175 Cal.App.4th 685, 699.)

more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined." (*People v. Olay*, *supra*, at p. 67.) Later courts have unanimously agreed with *Burke* and *Olay*. (*People v. Dowdy* (2024) 107 Cal.App.5th 1, 9; *People v. Dain* (2025) 115 Cal.App.5th 235, 247; accord, *People v. McDowell* (2024) 99 Cal.App.5th 1147, 1154 [§ 1385, subd. (c) does not apply to alternative sentencing scheme of § 236.1, subd. (c)].)

McCloud's arguments to the contrary are unavailing. For example, he notes that *Burke* (in a footnote) found the legislative history behind section 1385, subdivision (c) to be "inconsistent" and that the inconsistency weighs in his favor. (*Burke*, *supra*, 89 Cal.App.5th at p. 243, fn. 3.) However, *Olay* addressed the legislative history in greater detail and found that it bolstered its conclusion that the provision does not apply to the Three Strikes law. (*Olay*, *supra*, 98 Cal.App.5th at p. 68 ["a closer look at that legislative history reveals that there is no ambiguity and that the Legislature did not intend for that term to include prior strikes"].) McCloud does not address *Olay*'s discussion of legislative history. McCloud also argues that the plain meaning of section 1385, subdivision (c) supports his reading because "section 1385, subdivision (c)(2)(H) indicates that one of the reasons an enhancement will be dismissed is when '[t]he enhancement is based on a prior conviction that is over five years old'" and a "prior strike that was based on a conviction over five years old would meet this requirement." However, this argument is circular, as it assumes what McCloud seeks to prove—that a strike can be an enhancement for purposes of section 1385, subdivision (c). In sum, we

9

agree with the courts that have considered this issue and find that section 1385, subdivision (c) does not apply to McCloud's prior strikes.

C. Romero *Motion*

### 1. *Additional Background*

In connection with his resentencing, McCloud filed a *Romero* motion to dismiss his two prior strike convictions. Over the course of briefing and at the hearing, the trial court considered the following evidence.

In 1977, when he was 21 years old, McCloud was convicted of his first strike, first degree burglary. In 1982, he was convicted of unlawful sexual intercourse with a minor. In 1984, McCloud was convicted of his second and third strikes, forcible rape and forcible rape in concert with another. In 1992, he was convicted of being a felon in possession of a firearm. In 1995, McCloud was convicted of spousal abuse. In 2000, he was convicted of his fourth strike (and current offense), drug possession. In addition to these felonies, McCloud has been convicted of multiple misdemeanors (in 1978, 1980, and 1993) and has had several parole violations (in 1983, 1991, 1992, and 1994).

McCloud is 66 years old and suffers from several conditions such as major depressive disorder, Post-Traumatic Stress Disorder, obesity, and diabetes. Since he began serving his current prison term, McCloud has suffered 14 disciplinary actions, including ones for alcohol possession, mutual combat, and battery. Nevertheless, McCloud has a security level of "II with a near-lowest placement score of 25 (lowest is 19)." His California Static Risk Assessment Score is "1, the lowest possible score." He

has completed courses in anger management, impulse control, and coping skills, and he attends Alcoholics Anonymous meetings.

As recently as a 2022 parole review hearing, McCloud denied culpability for his rape and unlawful sexual intercourse with a minor offenses. Additionally, at that time, his "Static 99-R score, which is used to predict criminal sexual recidivism, placed [him] as riskier than 97% of sex offenders."

The trial court denied McCloud's *Romero* motion. At the hearing, it stated that there was "nothing about his prison performance other than growing older and perhaps developing some physical disabilities that convinces me that he's learned anything." It added: "when you consider that the crimes are extraordinarily serious, his record is extraordinarily serious, he never spent any meaningful period of time out of prison once he started going to prison without committing new offenses . . . there's not one element of the *Williams*[3] weighing process that allows me to say this one really should carry the day in order for the Court to exercise its discretion."

2. *Discussion*

"In *Romero*, the state Supreme Court ruled that the Three Strikes law did not remove a sentencing court's discretion to dismiss a defendant's prior strike or strikes to achieve a punishment in the furtherance of justice. (*Romero*, *supra*, 13 Cal.4th at p. 504.) In [*Williams*], the Supreme Court explained that a sentencing court's exercise of

---

[3] *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*).

11

discretion to dismiss a prior strike is to be guided by the following standard:  May the defendant, in light of his or her current crime, and his or her criminal history, background, character, and prospects, be deemed 'outside the . . . spirit' of the Three Strikes law, in whole or in part, and, hence, be treated as though he or she had not suffered the prior strike conviction.  (*Williams*, at p. 161.)  When the factors cited in *Williams* . . . 'manifestly support the striking of a prior conviction and no reasonable minds could differ[,] the failure to strike would constitute an abuse of discretion.' (*People v. Carmony* (2004) 33 Cal.4th 367, 376-378.)"  (*People v. Solis* (2015) 232 Cal.App.4th 1108, 1124.)  However, "[i]t is not enough to show that reasonable people might disagree about whether to strike one or more' prior conviction allegations. . . . Because the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' [citation], the circumstances where no reasonable people could disagree that the criminal falls outside the spirit of the three strikes scheme must be even more extraordinary."  (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)

We find no abuse of discretion here.  Although McCloud's current crime is for drug possession and his most recent recidivism scores are low, his criminal history shows that he is among those that the Three Strikes law was meant to target.  Over a period of 23 years, McCloud has been convicted of seven felonies, three misdemeanors, and multiple parole violations.  Several of the felonies involved violence, were sex crimes, or

12

both.  In arguing error, McCloud focuses on the period from when he was last released from prison to when he was arrested for drug possession.  However, this focus on an incident-free 19-*month* period shows that, for McCloud, good behavior is the exception, not the rule.

Moreover, McCloud's assertion that the trial court considered only recidivism lacks merit.  The trial court stated that it considered his "criminal record, . . . his performance in state prison, the entire history of the case, and all facts that have been presented to me about the instant offense and any other offenses."  The trial court did not view any factors in favor of dismissing strikes as dispositive, but that does not mean it did not consider them.  We therefore agree with the trial court that McCloud "falls squarely within the spirit of our Three Strikes jurisprudence" and find no abuse of discretion.

## III.  DISPOSITION

The March 4, 2024 order is affirmed.  McCloud's sentence is modified to reimpose the erroneously stricken one-year enhancement under former section 667.5, subdivision (b) and section 1172.75, subdivision (a).  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAPHAEL
J.

We concur:

McKINSTER
Acting P. J.

LEE
J.